## LYMAN v. BOSTON & A. R. CO.

### (Circuit Court, D. Massachusetts. November 7, 1895.)

### No. 385.

JURISDICTION OF FEDERAL COURTS—ACTION FOR PENALTY UNDER STATE STATUTE —DAMAGES FOR DEATH BY NEGLIGENCE.

The Massachusetts statute provides that in cases of death resulting from negligence of a railroad or street-railway corporation, or from the unfitness, gross negligence, or carelessness of its servants or agents, the corporation shall be "punished by fine of not less than $500, nor more than $5,000, to be recovered by indictment," and paid to the executor or administrator for the use of the widow, children, or next of kin. The statute further provides that railroad corporations shall also be liable in damages not exceeding $5,000, nor less than $500, "to be assessed with reference to the degree of culpability of the corporation or of its servants or agents," and to be recovered by an action of tort by the executor or administrator, for the use of the same persons. But only one of these remedies can be pursued. *Held*, that an action at law by the executor or administrator under the statute is in effect an action to recover a penalty under a state statute, and therefore cannot be maintained in a federal court, because (1) the statute, viewed in the light of the decisions of the supreme judicial court of Massachusetts, and also in the light of its general purposes and nature, and the character of the procedure prescribed, is a penal statute, and because (2) the action is not a "civil action," within the meaning of the acts defining the jurisdiction of the federal courts.

This was an action at law brought by George R. Lyman, a citizen of the state of Minnesota, against the Boston & Albany Railroad Company. The first count of the declaration is as follows: "And now comes the plaintiff in the above-entitled action and says that he is administrator of the estate of Henry C. Ives, late of Chicago, in the state of Illinois, having been appointed such administrator by the probate court in and for the county of Suffolk, within the commonwealth of Massachusetts, on the 16th day of August, A. D. 1894; that on the 31st day of August, A. D. 1893, the plaintiff's intestate, Harry C. Ives, was a passenger in a railroad car operated by the defendant company; that while crossing a bridge near Chester, in said commonwealth, the car in which the plaintiff's intestate was traveling was precipitated into a stream below, owing to the breaking or giving away of said bridge, and the plaintiff's intestate was thereby killed on said 31st day of August. And the plaintiff says that the said bridge was a portion of the road of the defendant corporation; that it was owned and managed by it, and that it was the duty of the defendant to take care that the said bridge was in proper condition. And the plaintiff further says that, owing to the negligence and carelessness of the defendant corporation, said bridge was in a defective condition, and that it was owing to such defective condition that the plaintiff's intestate lost his life as aforesaid, he being at the time in the exercise of due care. Wherefore the plaintiff brings this action, as provided by section 212 of chapter 112 of the Public Statutes of this commonwealth, and claims damages of the defendant corporation as therein provided." The second count is in the same words, except that it alleges that, owing to the ignorance and gross negligence and carelessness of the servants and agents of the defendant corporation while engaged in its business, said bridge was in a defective condition, and that it was owing to such defective condition that the plaintiff's intestate lost his life as aforesaid, he being at the time in the exercise of due care. Both counts have been amended by adding the following allegation: "And the plaintiff says that his intestate, at the time of his death, while a passenger as aforesaid, was traveling upon a pass which had been given to him by the defendant corporation; said pass entitling the plaintiff's intestate to free passage over the defendant's road, from Albany, in the state of New York, to Boston, in the state of Massachusetts, and returning from said Boston to said Albany. Said pass had printed upon the back of it the

following words: 'The person who accepts this pass thereby assumes all risks of personal injury and of loss or damage of property while using it, and if offered by any other than the individual named the conductor will take up and collect fare.'"

The defendant demurs and assigns cause as follows: "(1) Because the plaintiff's intestate in this case is not alleged to have occupied such a relation towards the defendant as entitles the plaintiff to recover in this case. (2) Because this action is brought to recover a penalty under the laws of the commonwealth of Massachusetts, as alleged in the declaration, and, therefore, cannot be maintained in this court."

The statute of Massachusetts under which the action is brought is as follows: "If by reason of the negligence or carelessness of a corporation operating a railroad or street railway, or of the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of a passenger, or of a person being in the exercise of due diligence and not a passenger or in the employment of such corporation, is lost, the corporation shall be punished by fine of not less than five hundred nor more than five thousand dollars, to be recovered by indictment prosecuted within one year from the time of the injury causing the death, and paid to the executor or administrator for the use of the widow and children of the deceased in equal moieties; or, if there are no children, to the use of the widow; or, if no widow, to the use of the next of kin; but a corporation operating a railroad shall not be so liable for the loss of life by a person while walking or being upon its road contrary to law or to the reasonable rules and regulations of the corporation. If the corporation is a railroad corporation, it shall also be liable in damages, not exceeding five thousand nor less than five hundred dollars, to be assessed with reference to the degree of culpability of the corporation or of its servants or agents, and to be recovered in an action of tort, commenced within one year from the injury causing the death, by the executor or administrator of the deceased person, for the use of the persons hereinbefore specified in the case of an indictment. But no executor or administrator shall, for the same cause, avail himself of more than one of the remedies given by this section."

Woodward Hudson (Samuel Hoar with him), for the defendant.

The defendant claims that the plaintiff cannot recover in this court; First, because the plaintiff's intestate assumed all the risks of injury by traveling on the free pass, and so cannot recover; second, because this action is brought to enforce a penalty created by the law of Massachusetts, and is not within the jurisdiction of this court.

I. The contract on the free pass upon which the deceased was traveling when he was killed prevents the plaintiff from recovering for the death. The question has never been decided by the supreme court of the United States, but is expressly left open by that court until it shall become necessary to decide it. Railroad Co. v. Lockwood, 17 Wall. 357; Railway Co. v. Stevens, 95 U. S. 655. It has been held that such a contract is valid in the following cases: Wells v. Railroad Co., 24 N. Y. 181; Perkins v. Railroad Co., Id. 196; Kinney v. Railroad Co., 32 N. J. Law, 407, 34 N. J. Law, 513; Alexander v. Railway Co., 33 U. C. Q. B. 474, 35 U. C. Q. B. 453; Griswold v. Railroad Co., 53 Conn. 371, 4 Atl. 261; Ulrich v. Railroad Co., 108 N. Y. 80, 15 N. E. 60; Quimby v. Railroad Co., 150 Mass. 365, 23 N. E. 205; Muldoon v. Railway Co., 7 Wash. 528, 35 Pac. 422; Rogers v. Steamboat Co., 86 Me. 261, 29 Atl. 1069. It is also held that the fact of traveling upon such a pass is enough to make the contract printed thereon binding on the passenger, without proof whether he read it or not. Wells v. Railroad Co., 24 N. Y. 181; Alexander v. Railway Co., 33 U. C. Q. B. 474, 35 U. C. Q. B. 453; Boylan v. Railroad Co., 132 U. S. 146, 10 Sup. Ct. 50; Quimby v. Railroad Co., 150 Mass. 365, 23 N. E. 205; Fonseca v. Steamship Co., 153 Mass. 553, 27 N. E. 665; Rogers v. Steamboat Co., 86 Me. 261, 29 Atl. 1069. It may be argued that, while this contract would have been a bar to a suit by the plaintiff's intestate, had he survived, it is no defense to this suit, based upon his death, following the suggestion made by the court in Doyle v. Railroad Co., 162 Mass. 66, 37 N. E. 770, where

the court say they have not found it necessary to consider whether a release of damages for causing the death of a human being is or is not justified by public policy. But the principle has been recognized in the following decisions that it is not against public policy to enforce a release of damages for causing the death of a human being: Dibble v. Railroad Co., 25 Barb. 183; Perkins v. Railroad Co., 24 N. Y. 196; Bissell v. Railroad Co., 25 N. Y. 442; Kinney v. Railroad Co., 32 N. J. Law, 407, 34 N. J. Law, 513; Alexander v. Railway Co., 33 U. C. Q. B. 474, 35 U. C. Q. B. 453; Griffiths v. Earl of Dudley, 9 Q. B. Div. 357; Griswold v. Railroad Co., 53 Conn. 371, 4 Atl. 261; Price v. Railroad Co., 33 S. C. 556, 12 S. E. 413. The plaintiff, therefore, is barred from recovering in this case by the contract made between his intestate and the defendant, unless the court follows the decisions in Com. v. Vermont & M. R. Co., 108 Mass. 7, and Doyle v. Railroad Co , 162 Mass. 66, 37 N. E. 770, and holds that the suit at bar is for a penalty, and that the deceased could not release the defendant from liability for a penalty.

II. If this statute is penal, the penalty cannot be exacted by this court. It is well established by the Massachusetts decisions that this statute imposes a penalty. Carey v. Railroad Co., 1 Cush. 475; Com. v. Vermont & M. R. Co., 108 Mass. 7; Com. v. Boston & L. R. Corp., 134 Mass. 211; Merrill v. Railroad Co., 139 Mass. 252, 29 N. E. 666; Littlejohn v. Railroad Co., 148 Mass. 478, 20 N. E. 103; Sackett v. Ruder, 152 Mass. 397, 25 N. E. 736; Doyle v. Railroad Co., 162 Mass. 66, 37 N. E. 770. The construction given to a statute of a state by the highest judicial tribunal of such a state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text. Leffingwell v. Warren, 2 Black, 599; Halsey v. McLean, 12 Allen, 438; City of Richmond v. Smith, 15 Wall. 429; New Hampshire v. Grand Trunk Ry., 3 Fed. 887; Louisiana v. Pilsbury, 105 U. S. 278; Blaine v. Curtis, 59 Vt. 120, 7 Atl. 708; Bauserman v. Blunt, 147 U. S. 647, 13 Sup. Ct. 466; May v. Tenney, 148 U. S. 60, 13 Sup. Ct. 491. It is said, however, that whether a statute is penal or not, in such a case as that at bar, is a question, not of local, but of international, law, and is to be decided as a general question by the court whose jurisdiction is claimed. Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224. The rule laid down in that case is as follows: The question whether a statute of one state, which in some aspects may be called "penal," is a penal law in the international sense, so that it cannot be enforced in the courts of another state, depends upon the question whether its purpose is to punish an offense against the public justice of the state, or to afford a private remedy to a person injured by the wrongful act. It is submitted that the provisions of this statute bring it within this definition. An offense against the public, to wit, the destruction of human life by negligence, is punished by the imposition of a money payment, never to be less than $500 nor more than $5,000. By the original statute, an indictment was the sole method of trying the case and imposing the fine. St. Mass. 1874, c. 372, § 163. Later an action of tort was made an alternative remedy. In either case damages are to be assessed with reference to the degree of culpability of the defendant, not with regard to any injury done. It may be noted that its provisions widely differ from those of certain statutes in other states which have been before the supreme court of the United States, and have been held not to be penal, in Dennick v. Railroad Co., 103 U. S. 11; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Railroad Co. v. Babcock, 154 U. S. 190, 14 Sup. Ct. 978. In addition to the Massachusetts decisions already cited, which construe the statute in question, the following cases upon similar statutes may be referred to in support of the principle of those decisions: Gwin v. Breedlove, 2 How. 29; Gwin v. Barton, 6 How. 7; New Hampshire v. Grand Trunk Ry., 3 Fed. 887; Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524; Blaine v. Curtis, 59 Vt. 120, 7 Atl. 708; Iowa v. Chicago, B. & Q. R. Co., 37 Fed. 497. This court has no jurisdiction to impose a penalty provided by the statute of Massachusetts. This jurisdiction is limited to "suits of a civil nature." Act Aug. 13, 1888, § 1 (25 Stat. 433). The case at bar, not being of a civil nature, is not within the jurisdiction of the court. New Hampshire v. Grand Trunk Ry., 3 Fed. 887; Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370; Iowa v. Chicago, B. & Q. R. Co., 37 Fed. 497; Ferguson v. Ross, 38 Fed. 161; Texas v. Day Land & Cattle Co., 41 Fed. 228;

Ogden v. Folliot, 3 Term R. 726; Scoville v. Canfield, 14 Johns. 338; Gwin v. Breedlove, 2 How. 29; Gwin v. Barton, 6 How. 7; Derrickson v. Smith, 27 N. J. Law, 166; Halsey v. McLean, 12 Allen, 438; Richardson v. Railroad Co., 98 Mass, 85; Bank v. Price, 33 Md. 487; Flash v. Conn., 109 U. S. 371, 3 Sup. Ct. 263; Blaine v. Curtis, 59 Vt. 120, 7 Atl. 708; Dey v. Chicago, M. & St. P. Ry. Co., 45 Fed. 82; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224.

Samuel Williston (M. F. Dickinson, Jr., with him), for the plaintiff.

I. The plaintiff's intestate sustained such a relation toward the defendant as entitles the plaintiff to recover. The section of the Public Statutes on which this action is based requires that the person killed shall have been a *passenger*. The fact that the plaintiff's intestate was traveling upon a free pass does not prevent him from occupying the relation of passenger of the defendant corporation. Littlejohn v. Fitchburg Railroad, 148 Mass. 478, 484, 20 N. E. 103; Quimby v. Railroad, 150 Mass. 365, 368, 23 N. E. 205; Doyle v. Railroad (Mass.) 37 N. E. 770, 771. The stipulation in itself also is not binding. Railroad Co. v. Lockwood, 17 Wall. 357; Liverpool & G. W. Steam. Co. v. Phoenix Ins. Co., 129 U. S. 397, 442, 9 Sup. Ct. 469; Primrose v. Telegraph Co., 154 U. S. 1, 15, 14 Sup. Ct. 1098; Doyle v. Railroad Co. (Mass.) 37 N. E. 770; Quimby v. Railroad Co., 150 Mass. 365, 23 N. E. 205.

II. This court has jurisdiction to enforce the provisions of section 212, c. 112, Pub. St. Mass. If the statute law of a state creates a new right in general, it will be enforced in a federal court. Fitch v. Creighton, 24 How. 159; Van Norden v. Morton, 99 U. S. 378; Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757; Wyman v. Mathews, 53 Fed. 678. It is necessary, however, in order to give the circuit court jurisdiction, that the suit should be "of a civil nature." These words are contained in the act of 1789, and have been retained in successive enactments. Rev. St. § 629; Act Aug. 13, 1888 (25 Stat. 433), § 1. "Civil suit," as ordinarily used, is the antithesis of criminal prosecution. It is stated as a ground of demurrer that this action is for a penalty. In a certain sense of the word, it is undoubtedly true that the action is penal, but this is not conclusive. The question is, is it criminal in its nature? The ambiguous character of the word penal is pointed out in the case of Huntington v. Attrill, 146 U. S. 657, 667, 668, 13 Sup. Ct. 224. The present action is civil as distinguished from criminal, and is therefore cognizable in this court. Ames v. Kansas, 111 U. S. 449, 4 Sup. Ct. 437; Illinois v. Illinois Cent. R. Co., 33 Fed. 721; Iowa v. Chicago, B. & Q. R. Co., 37 Fed. 497; The Antelope, 10 Wheat. 66; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224; Dennick v. Railroad Co., 103 U. S. 11; Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; McCarty v. Railroad Co., 62 Fed. 437; Brisenden v. Chamberlain, 53 Fed. 307; Herrick v. Railway Co., 31 Minn. 11, 16 N. W. 413; Railroad Co. v. Doyle, 60 Miss. 977; Knight v. Railroad Co., 108 Pa. St. 250; Morris v. Railway Co., 65 Iowa, 727, 23 N. W. 143; Railway Co. v. Lewis, 24 Neb. 848, 40 N. W. 401; Higgins v. Railroad Co., 155 Mass. 176, 29 N. E. 534.

It is submitted that the general purpose of this statute is to afford a private remedy, not to punish an offense. Undoubtedly, the statute is drawn in the way that it is with a view of making accidents by which passengers lose their lives as rare as possible, but the primary object was to afford relief to the widow or next of kin of the deceased.

(1) In all or almost all states legislation has provided a means for enforcing a civil liability against corporations or other persons negligently inflicting death. This legislation in Massachusetts has been, with the exception of the employers' liability act, referred to later, the only legislation in Massachusetts on the subject. It is a fair inference that the object of the Massachusetts statute is similar to the object of Lord Campbell's act in England, and the legislation copying it in this country.

(2) An indictment cannot be maintained under the statute unless administration has been taken out in Massachusetts. Com. v. Sanford, 12 Gray, 174. An indictment cannot be maintained unless the deceased left a widow or child next of kin. Com. v. Eastern R. Co., 5 Gray, 473; Com. v. Boston & A. R. Co., 121 Mass. 36. If the object of the legislature were primarily to inflict

criminal punishment, it would be absurd to make such requirements from the point of view of the public. It is as objectionable for a railroad to cause a man's death by negligence, if he has no relatives, as if he is well provided with them. The offense would seem to be equally great, whether an administrator happens to be appointed in Massachusetts or not.

(3) "Crimes and offenses against the laws of any state can only be defined, *prosecuted* and *pardoned* by the sovereign authority of that state." Huntington v. Attrill, 146 U. S. 657, 669, 13 Sup. Ct. 224. Can it be contended that the plaintiff in this case is not at liberty, so far as the commonwealth of Massachusetts is concerned, to make such settlement with the defendant as suits him. This is not inconsistent with the doctrine that it is against public policy to allow the passenger to waive his rights in advance.

(4) St. 1887, c. 270, commonly called Employers' Liability Act, provides, in substance, that, if an employé is killed instantaneously, a widow or next of kin, if dependent on the wages of the deceased for support, may maintain an action to recover compensation in not less than $500, nor more than $5,000, to be assessed with reference to the degree of culpability of the employer or the person for whose negligence he is made liable. We can hardly believe that the relief afforded by the employers' liability act is in substance a criminal prosecution.

(5) The corporation is by the statute made liable, not simply for its own negligence, but also for the gross negligence of its servants or agents. It is a settled principle of criminal law that a master is not criminally responsible for the unauthorized or negligent acts of servants or agents.

(6) The grounds upon which it will probably be claimed that this is a penal statute in the objectionable sense of that word are: (a) That the damages are assessed with reference to the defendant's culpability; (b) that the liability is irrespective of due care; and possibly, also, (c) that the right to recover is not dependent upon the question whether the people for whose benefit the administrator sues received any support from the deceased during his lifetime. (a) As to the amount of recovery, it is hard to gauge the value of human life to the possessor of it on principles of compensation. (b) Due care is not logically a necessary element of civil liability. (c) It is certainly a reasonable way of giving compensation to give it to the estate of the deceased, to allow the amount recovered in an action for instantaneous death to go in the same way as an amount recovered for an injury causing noninstantaneous death, or not causing death at all. The injury is primarily to the deceased, and the liability survives to his personal representatives.

Finally, therefore, it is submitted that, as said in Ames v. Kansas, supra, the effect of the legislation allowing a remedy in civil form was because that was the more appropriate form. "The right and the remedy are thus brought into harmony, and parties are not driven to the necessity of using the form of a criminal action to determine a civil right."

CARPENTER, District Judge. I have caused the arguments of counsel in this case to be fully reported in their own words, so that it may more exactly appear what questions have been raised and are to be decided on this demurrer; and I, therefore, think it unnecessary to detail the processes of reasoning by which I have reached a conclusion, further than those processes may be implied by a statement of the conclusion.

I am of opinion that the action is for a penalty under the statute of Massachusetts, and I found this conclusion both on the decisions of the supreme judicial court of that state, and also on a general consideration of the nature and purpose of the statute, and of the measure of damages assigned thereby, and, although in a less degree, of the nature of the prescribed procedure.

I am also of opinion that this is not a suit of a civil nature, within the meaning of the acts of congress, but is rather an action to recover

a penalty under a state law, which penalty is to be exacted partly, if not exclusively, as an act of public law, and in defense of the public justice of the state; and, therefore, that this court has no jurisdiction of the action.

The demurrer will therefore be sustained, and there will be judgment for the defendant for costs.