## PERKINS v. BOSTON & A. R. CO.

(Circuit Court, D. Massachusetts. November 17, 1898.)

### No. 536.

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS.

The rule restated that a federal court should lean towards a decision of the highest court of a state declaring a state statute penal in its nature, the question being peculiarly local, though it is not concluded thereby.[1]

2. SAME—ENFORCING STATUTE GIVING REMEDY FOR DEATH.

An action based on Pub. St. Mass. c. 112, § 212, as amended by Acts 1883, c. 243, to recover from a railroad company for a death caused by negligence, is a penal action under a state statute, of which a federal court is without jurisdiction. Following Lyman v. Railroad Co., 70 Fed. 409.

This was an action by Louis N. Perkins, administrator, a citizen of Connecticut, against the Boston & Albany Railroad Company, to recover for the death of his intestate, who was an employé of defendant company, under Pub. St. Mass. c. 112, § 212, as amended by Laws 1883, c. 243, which reads as follows:

"Sec. 212. If by reason of the negligence or carelessness of a corporation operating a railroad or street railway, or the unfitness or gross negligence or carelessness of its servants or agents while engaged in its business, the life of a passenger, or of a person being in the exercise of due diligence and not a passenger or in the employment of such corporation, is lost, the corporation shall be punished by fine of not less than five hundred nor more than five thousand dollars, to be recovered by indictment prosecuted within one year from the time the injury causing the death, and paid to the executor or administrator for the use of the widow and children of the deceased in equal moieties; or, if there are no children, to the use of the widow; or, if no widow, to the use of the next of kin; but a corporation operating a railroad shall not be so liable for the loss of life by a person while walking or being upon its road contrary to law or to the reasonable rules and regulations of the corporation. If the corporation is a railroad corporation, it shall also be liable in damages, not exceeding five thousand nor less than five hundred dollars, to be assessed with reference to the degree of culpability of the corporation or of its servants or agents, and to be recovered in an action of tort, commenced within one year from the injury causing the death, by the executor or administrator of the deceased person, for the use of the persons hereinbefore specified in the case of an indictment. And if an employee of such corporation being in the exercise of due care is killed under such circumstances as would have entitled the deceased to maintain an action for damages against such corporation, if death had not resulted, the corporation shall be liable in the same manner and to the same extent as it would have been if the deceased had not been an employee. But no executor or administrator shall, for the same cause, avail himself of more than one of the remedies given by this section."

R. M. Saltonstall, for plaintiff.

Woodward Hudson and Samuel Hoar, for defendant.

PUTNAM, Circuit Judge. The parties agree that this suit is based on the Public Statutes of Massachusetts (chapter 112, § 212), as amended by the act of 1883 (chapter 243). The defendant has demurred on the ground that the action is strictly a penal one, and

[1] As to the following of state decisions by federal courts, see sections VII, and VIII. of note to Wilson v. Perrin, 11 C. C. A. 81, and sections IV. and V. of the supplementary note to Hill v. Hite, 29 C. C. A. 561.

claims that the case is governed by the decision of this court—Judge Carpenter presiding—in Lyman v. Railroad Co., 70 Fed. 409. Judge Carpenter's decision applies to the provisions of the Public Statutes as unamended. There is very much in the Massachusetts legislation which tends to group it with the ordinary class of statutes giving remedies in cases of death which are held remedial within the rules of Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, and of the case with the same title, [1893] App. Cas. 150, and of which class Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, is a striking example. Nevertheless, it may be in a large part from the fact that the provisions of the Public Statutes assess damages with reference to the degree of culpability of the defendant corporation, the supreme judicial court of Massachusetts evidently regards them "penal," in the technical sense of the word. We ought to lean towards the decisions of that court with regard to a topic so peculiarly local, although, as held in Huntington v. Attrill, 146 U. S., at page 683, 13 Sup. Ct. 224, they may not conclude us; and there is not sufficient in the act of 1883 to give the legislation a different character. If the Massachusetts legislation is strictly penal, we cannot enforce it, whatever may be the mere form of the proceeding. Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 299, 8 Sup. Ct. 1370; Huntington v. Attrill, 146 U. S., at pages 672, 673, 13 Sup. Ct. 224. Under the circumstances, we must follow the ruling of Judge Carpenter, as no plain error appears in it, and as, also, it is not inconsistent with any subsequent decision of the supreme court or of any circuit court of appeals. Demurrer sustained; declaration adjudged insufficient.