BOSTON & M. R. R. v. HURD.

(Circuit Court of Appeals, First Circuit. April 23, 1901.)

No. 360.

1. FEDERAL COURTS—JURISDICTION—DIVERSE CITIZENSHIP.

In so far as diverse citizenship was concerned, an action by a citizen of Massachusetts was properly brought in the circuit court for the New Hampshire district for the death of a resident of the former state against a railroad company incorporated by the concurrent action of several states, including those named.[1]

---

[1] Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249, and Mason v. Dullagham, 27 C. C. A. 298.

**2.** DEATH CAUSED BY NEGLIGENCE—STATUTE AUTHORIZING RECOVERY—PENAL OR REMEDIAL—SUING THEREON IN FOREIGN COURTS.

Pub. St. Mass. 1882, c. 112, § 212, punishes railroad corporations by fine of from $500 to $5,000 for negligence causing death, to be recovered by indictment for the benefit of the widow and children and next of kin of decedent. It does not, however, expressly provide how the punishment shall be determined between the two extremes. It further provides that they shall also be equally liable in damages, assessed with reference to the degree of culpability, to be recovered in an action of tort by the decedent's executor or administrator for the use of the same persons specified in case of indictment, but that only one remedy is to be available for the same cause. *Held,* that the statute, while in form penal, was not strictly so, and the civil remedy in the alternative must be regarded as remedial in an international sense, authorizing action to be brought thereunder in the federal courts or the courts of another state.

**3.** ACTION FOR PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE.

Contributory negligence is no defense under the statute unless it was the true cause of the injury complained of.

**4.** COMMON CARRIERS—STATUTE AUTHORIZING ACTIONS FOR DEATHS OF PASSENGERS—APPLICATION TO RAILROADS.

Special provision being made by Pub. St. Mass. 1882, c. 112, § 212, for actions against railroads as common carriers for negligence resulting in the death of passengers or employés, section 6, c. 73, providing for actions against common carriers in general for the deaths of passengers does not apply to railroad companies, and should be interpreted as though reading "common carriers other than those especially provided for."

**5.** ACTION BY ADMINISTRATOR—CAPACITY TO SUE—EVIDENCE—DECREE GRANTING ADMINISTRATION—CONCLUSIVENESS.

Plaintiff, a New Hampshire administrator of the estate of a person who resided in Massachusetts at her decease, brought suit in the circuit court for the district of New Hampshire against a railroad corporation incorporated by concurrent legislation of New Hampshire and Massachusetts, containing a count laid at common law, which was afterwards amended, by the consent of the circuit court, so as to rest on Pub. St. Mass. 1882, c. 112, § 212. Defendant objected to the plaintiff's capacity as administrator on the ground that the intestate left no estate, and that, therefore, in view of the New Hampshire statutes limiting the jurisdiction for granting administration to a probate judge for some county in which the deceased had estate, the probate was void. The only thing on this point which appeared in the record was that the plaintiff testified, in answer to question by the defendant, that the intestate's estate was an "unsettled claim" against the defendant, and that he did not think she had any other estate in New Hampshire. *Held,* first, that that was insufficient to support the claim of the defendant, because, even if the administration could be attacked collaterally, the proofs on that point should be full and exact, covering every ground on which the probate jurisdiction could be sustained beyond reasonable cavil; second, that, as, apparently, there was a bona fide assertion of such an "unsettled claim," that was sufficient assertion of an estate to establish prima facie probate jurisdiction, and to put the defendant corporation on a trial of the merits without permitting it to try out the question of its liability for the purpose of demonstrating that the administration was void.

**6.** SAME—ASSETS.

It was also *held* that, inasmuch as the record does not show that the habitat of the defendant corporation is limited to any particular county in New Hampshire, it cannot be maintained that a claim against it in behalf of a nonresident is not assets within the county where the administration was granted.

**7.** ACTION AGAINST RAILROAD—WRONGFUL DEATH—PLEADING—AMENDMENT—DEPARTURE—NEW CAUSE OF ACTION—LIMITATIONS.

The declaration in an action by an administrator in the New Hampshire circuit court stated a cause of action against a railroad company at common law for injuries to plaintiff's intestate, coupled, possibly, in view of

the allegation of death, with some thought of the supplementary damages given by the New Hampshire statutes. By an amendment thereof it declared under Pub. St. Mass. c. 112, § 212, specially authorizing actions against railroads for wrongful death, and limiting actions thereunder to one year from the time of the injury. *Held*, that the amendment was a change of the ground of action, constituting a departure, and that inasmuch as the one-year limitation which followed the remedy under the Massachusetts statute had expired when the amendment was offered, the action was barred. Railway Co. v. Wyler, 15 Sup. Ct. 877, 158 U. S. 285, 39 L. Ed. 983, applied.

In Error to the Circuit Court of the United States for the District of New Hampshire.

John S. H. Frink (Edgar J. Rich, on the brief), for plaintiff in error. Edward H. Savary, for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and BROWN, District Judge.

PUTNAM, Circuit Judge. This suit was brought in the circuit court for the district of New Hampshire by the administrator of Alice M. Hurd, who was a passenger of the Boston & Maine Railroad, and was killed in Massachusetts by one of its locomotives while crossing its track, making connection from one train to another. At the time of her death she was a resident of Massachusetts. The plaintiff below recovered a verdict and a judgment thereon. The declaration alleged that she was "thrown, injured, suffered excruciating agony, and lost her life while such passenger," all by reason of the negligence of the defendant corporation. Administration was obtained in New Hampshire. The plaintiff in error was incorporated by concurrent action of several states, including Massachusetts and New Hampshire, and is of the class of corporations described in Nashua & L. R. Corp. v. Boston & L. R. Corp., 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363, and in Smith v. Railroad Co. (C. C.) 96 Fed. 504. The plaintiff below is a citizen of Massachusetts, so that, so far as the mere matter of diverse citizenship is concerned, the suit was properly brought in the district of New Hampshire. The propositions submitted to us by the plaintiff in error in this behalf have been so fully determined as to need no further discussion.

A number of minor questions were raised by the plaintiff in error at the trial, but none of them have been submitted to us in such form as require our attention. The suit was, by amendment, left to rest on a statute of Massachusetts, and the substantial questions which have been argued before us are: Whether that statute is not strictly penal, so that the proceedings which it authorizes cannot be taken in the federal courts, or in courts of foreign states; whether the administration granted in New Hampshire was valid, and whether, under the local laws of New Hampshire, the question of its validity can be raised collaterally; whether the deceased was guilty of negligence, and, if so, whether that negligence is a valid defense; and, finally, whether the case is barred by the limitation contained in the statute of Massachusetts on which it finally rested. We are compelled to direct that the verdict be set aside, and the judgment

of the court below reversed, by reason of our answer to the last question; but, as it is impossible to foresee what phases the case may assume in the future, we deem it advisable to express our views on the other questions which we have stated.

The most important one we have to deal with is whether the Massachusetts statute is strictly penal. It is not sufficient that it is in the nature of a penal statute. The distinction between a statute strictly penal, or qui tam, and one in the nature of a penal statute, is pointed out in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123. The proper test is that, if it is strictly penal, the remedy is subject to the control of the executive of the state by which the proceeding was authorized, and it may be at any time, either before or after judgment, annulled by a pardon. That its essential nature in this respect is not changed by a judgment was determined in Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239.

The statutory remedy on which this suit relies is found in Pub. St. Mass. 1882, c. 112, § 212. The section is divisible into two parts, the first of which provides that the corporation shall be punished by fine. It fixes a maximum and minimum penalty, without any guide for determining where the fine shall rest between the extremes. It is to be recovered by indictment, and prosecuted within one year from the time of the injury. Being by indictment, there is no occasion to indicate in the statute by what rule the court shall be guided in determining the amount of the fine as between the extremes named. In this respect, the court is left, as in ordinary proceedings where a maximum and minimum fine is created by statute, to determine its amount by the degree of criminality. This is peculiarly appropriate to a statute strictly penal, because the question of the extent of a fine or other punishment is properly governed by local considerations, acting upon judicial discretion, thus imposing a duty which a foreign court cannot well perform. The statute further provides that the fine shall be paid to the executor for the use of the widow and child, or, if no widow or child, to the next of kin. This, and all the other peculiarities to which we have referred, are indicia of a strictly penal statute, because, while the next of kin may possibly have an interest in the life of the person deceased, yet they do not necessarily, and the statute admits no inquiry whether or not they may have any.

It is settled that the mere fact that the proceeding is by indictment does not necessarily determine its intrinsic purpose; yet, if the statute stopped there, it would seem impossible that there could be any proceedings in any other state than that where it was enacted. When a state sees fit to interpose its grand jury, and makes that an essential part of the proceeding, it is difficult to perceive how any other state could substitute other process therefor. In the case on which subsequent cases have been built up, Dennick v. Railroad Co., 103 U. S. 11, 26 L. Ed. 439, which held that an administrator appointed under the laws of New York might bring an action for death arising under the statutes of New Jersey, the court was careful to rely on the fact that the right of action was not limited by the statutes

of New Jersey to the personal representatives of the deceased appointed in that state; but this rule is not broad enough to reach a case 'where an indictment is required. In Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, it was held that an action might be brought in the District of Columbia by an administrator there appointed, the action being based on a statute of Maryland giving damages arising out of a death, although the statute directed that suit should be brought in the name of the state. The statute, however, gave an action strictly civil, and for damages suffered by the relatives for whose benefit the suit was to be brought; and the supreme court held that, as the state was only a nominal party, the question of who should be plaintiff was not a substantial one. The opinion, however, reaffirmed the rule stated in Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376, and in Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825, that, where a statutory remedy is given, and the suit is brought in another state than that which enacted the statute, all its substantial terms must be obeyed.

It is not necessary to go back in the legislation of Massachusetts to the origin of the first portion of section 212, c. 112, of the Public Statutes, to which we have referred. It was re-enacted in Acts 1881, c. 199, from Acts 1874, c. 372, § 163. The civil remedy, which appears in the latter portion of section 212, is first found in sections 1 and 6 of chapter 199 of the Acts of 1881, so that the remedy by indictment preceded the remedy by civil action. Not only, however, does the latter portion of section 212 confine the party prosecuting to elect between an indictment and a civil action, but in Littlejohn v. Railroad Co., 148 Mass. 478, 482, 20 N. E. 103, 2 L. R. A. 502, it was held that the civil action is merely a substitute for the indictment. The various re-enactments contain no substantial changes. The act of 1874 by implication provided that the indictment would lie, although the passenger deceased was not using due diligence. So, also, did section 1 of the act of 1881, giving a civil remedy. This was not in terms repeated in the latter portion of section 212 of chapter 112 of the Public Statutes, but undoubtedly what appears on this point in its first part is intended to cover the whole section. Although the act of 1881 afforded a civil action, it was in all other respects on all fours with the proceeding by indictment. To emphasize that fact, it provided that the damages should be assessed with reference to the degree of culpability of the corporation, which, of course, was not necessary in those portions of the various statutes which related to an indictment. Therefore it would seem that, if one part of section 212 is strictly penal in its purpose, the other must be.

On the other hand, in Stewart v. Railroad Co., 168 U. S. 445, 18 Sup. Ct. 105, 42 L. Ed. 537, to which we have already referred, it was held that a suit which the statutes of Maryland authorized to be brought, although in the name of the state, was not penal in the international sense. The statute, however, as we have said, limited the remedy to the damages suffered. Brady v. Daly, 175 U. S. 148, 20 Sup. Ct. 62, 44 L. Ed. 109, was an action brought for an infringement of an operatic composition, in which it was held that

the statutory amount is not strictly penal. At page 157, 175 U. S., page 65, 20 Sup. Ct., and page 113, 44 L. Ed., the opinion observes that, although punishment of the infringer may be the result of the statute, yet that was not its chief purpose, and that the minimum named in the statute was fixed because of the inherent difficulty of proving by satisfactory evidence the damages actually sustained. Also, in Railway Co. v. Humes, 115 U. S. 512, 6 Sup. Ct. 110, 29 L. Ed. 463, where the statute gave a person injured by the omission of a railroad corporation to erect fences double the amount of damages occasioned thereby, the court, at page 522, 115 U. S., page 113, 6 Sup. Ct., and page 466, 29 L. Ed., observes that the legislature may justly award something beyond compensation by the way of punishment, and for that purpose may either fix the amount or prescribe the limits within which the jury may exercise their discretion. These observations in each of these cases are in entire harmony with the decisions of the supreme court awarding punitive damages in civil suits, and they do not go beyond the theory of those decisions. In Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, already cited, this topic was considered fully, and the result was a liberal rule in favor of holding statutes which may be penal in form to be substantially remedial. Numerous examples are given, commencing at page 667, 146 U. S., page 227, 13 Sup. Ct., and page 1127, 36 L. Ed. At the foot of page 673, 146 U. S., and on page 230, 13 Sup. Ct., and page 1130, 36 L. Ed., the opinion says that whether statutes, in some aspects penal, are penal in the international sense, depends on the question whether their purpose is to punish an offense against public justice or to afford a private remedy to the person injured by the wrongful act. As it is quite apparent that the main purpose of the Massachusetts statute under discussion is compensation, although, for the reasons which we have pointed out, in form and in other respects penal, it must be said that the liberal rules of the supreme court to which we have referred would not prevent our holding it remedial in an international sense, and, in fact, they favor our doing so.

Coming now to the local decisions: Judge Carpenter, in Lyman v. Railroad Co. (C. C.) 70 Fed. 409, held this statute strictly penal; and Judge Putnam, in Perkins v. Railroad Co. (C. C.) 90 Fed. 321, felt himself bound to follow Judge Carpenter, as no plain error appeared in his decision, and as the same was not inconsistent with any subsequent decision of the supreme court or the circuit court of appeals. Perkins v. Railroad Co. referred to Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239, where it was fully determined that in no way can the federal courts take jurisdiction of suits of this character whenever they are strictly penal. On that point there is no difficulty. But there seems to be no authoritative decision which holds that both branches of the statute are strictly penal. The matter has not been directly decided by the supreme judicial court of Massachusetts, and its opinions on that topic use varying expressions. Com. v. Boston & A. R. Co., 121 Mass. 36, 37, states that the leading object of such statutes is to secure some pecuniary provision for those who may be dependent on the deceased,

and, while penal in form, they are largely remedial in character. Com. v. Boston & L. R. Corp., 134 Mass. 211, 213, observes on the fact that the amount to be awarded under the statute of 1874 is greater or smaller according to the degree of blame attached to the corporation, and not according to the loss sustained by the widow and heirs of the deceased. Nevertheless, at page 214, it is said that the proceeding, though in the name of the state, is held to be substantially a civil one to recover damages, and to be governed by the same rules, so far as practicable, as civil actions, and the court cites State v. Manchester & L. R. Co., 52 N. H. 528, as sustaining that proposition. In Littlejohn v. Railroad Co., already cited, the court, at page 482, 148 Mass., and page 104, 20 N. E., states that the action under the statute is "penal in its character"; and lastly, in Doyle v. Fitchburg R. Co., 162 Mass. 66, 71, 37 N. E., 770, the court again says that the amount awarded by the statute is "in substance a penalty, given to the widow and child and next of kin, instead of to the commonwealth." It decides that the right of proceeding cannot be released in advance by the intestate; but whether by this it is intended to say that it cannot be released because it is a criminal proceeding, or because the intestate cannot affect the rights of the widow and relatives, is not positively clear. Certainly the expressions of this court are not so much that the statute is strictly penal as that the amount awarded is "in substance a penalty," which is a qualified expression.

Coming now to State v. Manchester & L. R. Co., 52 N. H. 528, cited by the supreme judicial court of Massachusetts, we find a statute framed in substantially the same manner as the Massachusetts act of 1874. It is given at page 547. The only difference is that it does not contain any implication with reference to the exercise of diligence on the part of the passenger. It says nothing about damages suffered by the widow and children, or the heirs, and imposes a fine within certain limits. In no particular, except that of diligence on the part of the passenger, is there any distinction between the two statutes. The court, at page 548, speaking of statutes of this class, cites a decision of the supreme judicial court of Maine to the effect that their whole object is to obviate the common-law doctrine in reference to human life, and to enable the family of the deceased to recover damages. At page 549 it remarks as follows:

"But in all these different forms of proceeding the same end is to be attained, and substantially the same rules are to be applied. as though they were civil actions for damages."

There can be no question that the court regards statutes of this class as remedial, notwithstanding their form, and even when the proceeding must be by indictment. The effect of the weight which the supreme judicial court of Massachusetts gave this case by its method of referring to it tends to a like result in that state. We may add that Shear. & R. Neg. (5th Ed.) § 132, regards the statute in question here as strictly penal. Notwithstanding this, we on the whole conclude that its substantial purpose is remedial. If it still stood as originally framed, and so permitted no form of proceeding except by indictment, we might find difficulty in giving it effect except in the courts of Massachusetts; but the civil remedy, given in the

alternative as we have shown, is a flexible one, and, although the declaration was finally based on the Massachusetts statute, it leaves this case within the jurisdiction of the United States circuit court in the district of New Hampshire.

It is maintained that the deceased was guilty of negligence; but this is not a defense unless it was the true cause of the accident, which is not claimed in the present case. Com. v. Boston & L. R. Corp., 134 Mass. 211, 213. The counsel assume that the action was finally rested on Pub. St. c. 73, § 6. Pub. St. c. 73, § 6, as well as chapter 112, § 212, is a re-enactment from chapter 199 of the Acts of 1881. Both in the Acts of 1881 and in the Public Statutes special provision is made for railroad corporations. Therefore, by plain rules of construction, they are not included in the general language of chapter 73, and that should be interpreted as though it read "common carriers other than those especially provided for." This is clearly the proper construction; and apparently it was so held in Holland v. Railroad Co., 144 Mass. 425, 427, 429, 11 N. E. 674.

The plaintiff in error maintains that the only basis for the jurisdiction of the probate court in New Hampshire is that now found in Pub. St. 1901, c. 182, § 8, which provides that, if a deceased person was not an inhabitant of New Hampshire, the jurisdiction to grant administration belongs to the judge "for any county in which said person had estate"; and it further says that the deceased left no estate whatever. Was the probate void? Tebbetts v. Tilton, 11 Fost. 273, 288, 289, apparently holds that, in New Hampshire, this question may be raised collaterally. Ordinarily, the question of the capacity of an executor or administrator is waived by pleading the general issue, and can be raised only by a special plea. 1 Chit. Pl. (16th Ed.) 517. The plaintiff in error, however, makes a distinction that this rule does not apply where there was no right of action in the deceased, and where it arose first in the administrator. That may be so, because, where a statute creates a right of action which the common law does not recognize, it generally rests on the plaintiff to prove all the facts which the statute requires. However, we do not find it necessary to determine this point, because, as the case must go back for a new trial, the plaintiff in error may then amend its pleadings so as to avoid it.

The only evidence which we find in the record tending to show that the deceased had no estate in New Hampshire is a statement in the bill of exceptions to the effect that the plaintiff below, in answer to a question by the defendant below, replied that her estate was an "unsettled claim" against the defendant below, and that he did not think she had any other estate in New Hampshire. Very clearly, this is not of the positive character necessary to show that the administration was void, even if the plaintiff in error met the case in all other respects. In order to accomplish that, the proofs should be very thorough and exact, covering every ground on which the probate jurisdiction could be sustained, meeting every point beyond reasonable cavil. However, as this might be met on a new trial, we think we should pursue the matter further.

It will be noticed that the reference which we have made to the

bill of exceptions on this point puts the plaintiff below in the position of asserting that the deceased had "an unsettled claim" against the defendant below. This is in entire harmony with the theory, which we must accept, that the declaration as originally drawn set up a claim at common law. It is possible, however, though this we do not decide, that in bringing the suit the plaintiff below intended to support the claim at common law by resting also on what is now found in Pub. St. N. H. 1901, c. 191, §§ 12, 13. These sections have taken the place of the old remedy by indictment, and they apparently couple the right of action which a deceased person would have had, if he had lingered, with that given by modern statutes to his family, in case of death ensuing, combining the two, and awarding the net result to the widow or next of kin. Under the circumstances, therefore, it is plain that we cannot adjudge the administration void unless we hold that, although the party who applied to a probate court for administration made a bona fide claim that there was an existing estate, either at common law or at common law coupled with the New Hampshire statute to which we have referred, another court, when called on to try the merits of such a claim, could nevertheless interpose, and, by a preliminary investigation, determine its invalidity for the purpose of adjudicating that the administration was void. A proposition of this nature, of course, defeats itself. It being evident that the plaintiff below maintained that the deceased had "an unsettled claim" against the defendant below, and presented his proposition to that effect to the probate court, and obtained thereupon a decree from that court in his favor, this was sufficient to put the defendant below on a trial of the merits, without permitting it to try out the entire question for the purpose of demonstrating that the administration was void. Even if Tebbetts v. Tilton goes so far as to permit an administration to be declared void collaterally on plea and proof, it certainly cannot be held to reach this extraordinary result. Inasmuch as the Boston & Maine Railroad is a corporation of New Hampshire, and the record does not show that its habitat in that state is limited to any particular county, it cannot be maintained that a claim against it in behalf of a nonresident was not assets within the county of Rockingham, in which county this administration was granted. It is enough, on this record, that the probate court for the county of Rockingham came to the conclusion that there was "estate" within that county.

The plaintiff in error also maintains that the action is barred by the one-year limitation found in Pub. St. Mass. c. 112, § 212. The declaration contained originally no allegation that there was a widow, or children, or next of kin, and, therefore, no allegation that the suit was brought for their use, which is necessary in one based on the Massachusetts statute. It is a noticeable fact that the ad damnum in the writ is $30,000, while the maximum under the Massachusetts statute is $5,000. It is true that the declaration alleged that the deceased lost her life; but it did not show, in the manner required by proper rules of pleading, whether or not she lingered. It set out that she was "struck, thrown, injured, and suffered excru-

ciating agony," which furnished the basis of a common-law action accruing in her lifetime, and which survived under the statutes of New Hampshire. Therefore the declaration originally set out a cause of action at common law, coupled, possibly, in view of the allegation of death, with some thought of the supplementary damages given by the New Hampshire statute. In these aspects the case is on all fours with Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983.

We have observed that the Massachusetts statute, on which the suit is now rested, gives the right of action with a qualified provision that it must be brought within one year from the time of the injury. This is undoubtedly based on a matter of local policy, which justly follows the statute wherever it goes. We must be careful to notice that a limitation of this kind, incorporated into a statute giving a cause of action which did not exist at common law, is substantially unlike a general statute of limitations. A general statute of limitations must be pleaded in defense, and it can be replied to in various ways. A limitation in a statute like this under consideration must be met by pleadings on the part of the plaintiff and by the plaintiff's proofs. This subordinate proposition did not arise in Railway Co. v. Wyler, because there the statutes in question of both states were general statutes of limitations. Ordinarily a right of action given by statute, and not existing at common law, is not within a statute of limitations. Ang. Lim. § 80. Therefore it can have no limitation except that which is contained in the specific statute itself. So that this right of action, if it is not governed in New Hampshire by the one-year limitation, may be brought there at any time in the future. In any view, one essential purpose of the statute of Massachusetts to which this case relates, and of the policy which the statute indicates, would be defeated unless the one-year limitation is held to have effect everywhere. Generally, it may be said that the case in this particular comes within the rule we have already referred to, shown by Pollard v. Bailey, 20 Wall. 520, 22 L. Ed. 376, and Bank v. Francklyn, 120 U. S. 747, 7 Sup. Ct. 757, 30 L. Ed. 825, already cited, that, when a suit is brought on a statute of a foreign state, it is governed by all its substantial provisions. It has been universally held that, where a special statute of this character gives a remedy with an expressed limitation in the statute, the limitation is inherent in the right of action, and follows the remedy wherever there is an attempt to obtain it. Some of the authorities are given in Busw. Lim. § 351. Under the circumstances, Railway Co. v. Wyler governs the case; and inasmuch as, at the time the amendment was offered, the one-year period had expired, and the defendant below clearly objected and raised the point, both by plea and exception, the court, as the case then stood, should have directed a verdict for the defendant.

The judgment of the circuit court is reversed, the verdict set aside, and the case remanded to the circuit court for further proceedings according to law; and the costs of appeal are awarded to the plaintiff in error.