# THE MISSOURI PACIFIC RAILWAY COMPANY *v.* CASTLE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEBRASKA.

No. 344.   Submitted April 22, 1912.—Decided May 13, 1912.

This court has repeatedly held that a State may impose upon a railway company liability to an employé engaged in train service for an injury inflicted through the negligence of another employé in the same service.

A State also has power to modify or abolish the common-law rule of contributory negligence, and provide by statute that damages to an employé of a railroad company shall only be diminished by reason of his contributory negligence in proportion to the amount of negligence attributable to him.

Prior to the enactment by Congress of the Employers' Liability Act, the States were not debarred from legislating for the protection of railway employés engaged in interstate commerce.

The fact that a state statute imposing liability on railway companies for injuries to employés covers acts of negligence in respect to subjects-dealt with by the Federal Safety Appliance Act does not amount to an interference with interstate commerce.

The railway liability act of Nebraska of 1907 is not unconstitutional as depriving a railway company of its property without due process of law, or denying it equal protection of the law, or as interfering with interstate commerce.

A corporation of one State, which only becomes a corporation of another by compulsion of the latter so as to do business therein, is not a corporation thereof, but remains, so far as jurisdiction of Federal courts is concerned, a citizen of the State in which it was originally incorporated. *Southern Railway Co.* v. *Allison*, 190 U. S. 326.

THE facts, which involve the constitutionality of the statute of Nebraska of 1907 imposing liability on railway corporations for injury to employés, are stated in the opinion.

*Mr. B. P. Waggener*, with whom *Mr. F. A. Brogan* and *Mr. Edgar M. Morseman, Jr.*, were on the brief, for plaintiff in error.

*Mr. T. J. Mahoney*, with whom *Mr. J. A. C. Kennedy* was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Alleging himself to be a citizen of Nebraska and averring that the Railway Company was a citizen of Missouri, Castle sued the Railway Company to recover for injuries received by him while in the service of the Railway Company as a brakeman upon a freight train operating in the State of Nebraska, the injury having been occasioned through the negligence of a co-employé. The right to recover under such circumstances was based upon a Nebraska statute adopted in 1907 consisting of two sections which are now §§ 3 and 4 of chapter 21 of the Compiled Statutes of Nebraska. The first section made every railway company liable to its employés who, at the time of the injury,

were engaged in construction or repair works or in the
use and operation of any engine, car or train for said
company, for all damages which may result from the
negligence of its officers, agents or employés, or by reason
of any defects or insufficiency due to its negligence in
its cars, engines, appliances, machinery, track, roadbed,
ways or work.  The second section provided that con-
tributory negligence shall not be a bar to recovery where
the negligence of the injured employé was slight and that
of the employer was gross in comparison, but that damages
shall be diminished in proportion to the amount of neg-
ligence attributable to the injured employé.   In its an-
swer the Railway Company admitted that it was then
and was at all of the times mentioned in the petition
"a railroad corporation organized and existing under and
by virtue of the laws of the State of Missouri," and set
up that the injury to the plaintiff was caused by the
negligence of a fellow-servant or co-employé, and was also
the result of the contributory negligence of the plain-
tiff.  The validity of the second section of the statute was
challenged because it deprived "of the defence of con-
tributory negligence accorded to all other litigants, persons
or corporations within the State of Nebraska," and because
the statute established and enforced against railroads
a rule of damages not applicable to any other litigant
in similar cases, whereby the privileges and immunities
of the company as a citizen of the United States within
the jurisdiction of the State of Nebraska were abridged
and it was denied the equal protection of the laws in
violation of the Fourteenth Amendment.  The repugnancy
of the statute to the commerce clause of the Constitution
was also averred, on the ground that "the plaintiff at the
time he received the injuries complained of was engaged as
an employé of an interstate railroad engaged in commerce
between the States of Missouri, Kansas and Nebraska,"
and the statute of Nebraska "attempts to regulate and

control as well as create a cause of action and remedy, imposing upon the defendant company a liability inconsistent with and repugnant to the action of the Congress of the United States on said subject."

At the trial the company excepted to the refusal of the court to give instructions embodying its contentions respecting the invalidity of the statute, and also excepted to the giving of certain instructions which were antagonistic to those contentions. From a judgment entered upon a verdict of a jury in favor of the plaintiff this direct writ of error was sued out.

Defendant in error moves to affirm the judgment under subdivision 5 of Rule 6. The motion we think should prevail, since the questions urged upon our attention as a basis for a reversal of the judgment have been so plainly foreclosed by decisions of this court as to make further argument unnecessary.

This court has repeatedly upheld the power of a State to impose upon a railway company liability to an employé engaged in train service for an injury inflicted through the negligence of another employé in the same service. *Missouri Pacific Railway Company* v. *Mackey*, 127 U. S. 205; *Minneapolis & St. L. Ry. Co.* v. *Herrick*, 127 U. S. 210; *Tullis* v. *Lake Erie & W. Railway Company*, 175 U. S. 348; *Chicago, K. & W. R. Co.* v. *Pontius*, 157 U. S. 209; and *Mondou* v. *New York, N. H. & H. R. Co.*, 223 U. S. 1.

Obviously, the same reasons which justified a departure from the common-law rule in respect to the negligence of a fellow-servant also justify a similar departure in regard to the effect of contributory negligence, and the cases above cited in principle are therefore authoritative as to the lawfulness of the modification made by the second section of the statute under consideration of the rule of contributory negligence as applied to railway employés. The decision in the *Mondou Case* sustaining the validity of the Federal Employers' Liability Act practically

forecloses all question as to the authority possessed by the State of Nebraska by virtue of its police power to enact the statute in question and to. confine the benefits of such legislation to the employés of railroad companies; and as, at the time the plaintiff received the injuries complained of, there was no subsisting legislation by Congress affecting the liability of railway companies to their employés, under the conditions shown in this case, the State was not debarred from thus legislating for the protection of railway employés engaged in interstate commerce. See the *Mondou Case, supra,* and *Chicago, M. & St. P. R. R. Co.* v. *Solan,* 169 U. S. 133.

The circumstance that the Nebraska statute covers acts of negligence of railroad companies in respect to their cars, roadbed, machinery, etc., subjects dealt with by the Safety Appliance Act of March 2, 1893; 27 Stat. 531, c. 196, does. not afford any substantial ground for the contention that the statute is involved in so far as it imposed liability for an injury to an employé arising from the negligence of a co-employé.

In the argument at bar, a contention is made, which was seemingly not presented in the court below nor alluded to in the assignments of errors, viz., that although originally incorporated under the laws of the State of Missouri, the Railway Company had, in law and in fact, become a domestic corporation in Nebraska under the constitution and laws of that State, and was such domestic corporation when this suit was instituted, and in consequence the diversity of citizenship essential to the jurisdiction of the Circuit Court was wanting. In support of the contention an allegation of the petition is quoted to the effect that the railway company owned and operated its road as well in the State of Nebraska as in the other States, and reference is made to a provision of the constitution of Nebraska—§ 8, art. XI, Comp. Stat. Neb. 1905, pp. 74–75—denying to a railroad corporation or-

ganized under the laws of any other State or of the
United States and doing business in Nebraska the power
to exercise the right of eminent domain or to acquire the
right of way or real estate for depot or other uses until
it shall have become a body corporate pursuant to and in
accordance with the law of the State. Two decisions of
the Supreme Court of Nebraska are cited, in one of which
(*State ex rel. Leese* v. *Mo. Pac. Ry. Co.*, 25 Nebraska, 164–
165), it is said it was decided that "because of consol-
idations with domestic companies," the Missouri Pacific
Company had become a domestic corporation in the
State of Nebraska, and could therefore "acquire a right
of way," etc. As to the other (*Trester* v. *Mo. Pac. Ry. Co.*,
23 Nebraska, 242–249), the contention appears to be that
the railway company was held to be a domestic corpora-
tion by force of the constitutional provision heretofore
referred to. In the face, however, of the clear admission
made in the answer of the railway company as to the
existence of diverse citizenship, we cannot assent to the
soundness of the claim now made, based on the contentions
referred to. Certainly, in the absence of any issue on
the subject, weight cannot be attached to the decision in
25 Nebraska; and it is consistent with the constitutional
provision to infer that the railway company, if it became
a domestic corporation of Nebraska, did so by compulsion
of the Nebraska statutes on the subject. Indeed the
contention is adversely disposed of by *Southern Ry. Co.* v.
*Allison*, 190 U. S. 326, cited in *Patch* v. *Wabash R. Co.*,
207 U. S. 277, 284. In the *Allison Case*, the court, among
other cases, referred approvingly to *Walters* v. *Chicago,
B. & Q. R. R. Co.*, 104 Fed. Rep. 377, where it was held
that a corporation originally created by the State of
Illinois although made by the law of Nebraska a domestic
corporation of that State, was nevertheless a citizen of
Illinois.

*Judgment affirmed.*