CASE v. ATLANTA & C. A. L. RY. CO. et al.

(District Court, W. D. South Carolina.   August 5, 1915.)

No. 9.

1. REMOVAL OF CAUSES ☛27—CITIZENSHIP OF CORPORATIONS—CONSOLIDATION.

Where a railroad extended through three states, the section in each state being owned by a corporation of such state, and such corporations consolidated under charters from all three states, the consolidated corporation was a citizen of any one state for purposes of federal jurisdiction of a suit against the company by a citizen of such state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 64–68; Dec. Dig. ☛27.]

2. RAILROADS ☛259—JOINDER OF DEFENDANTS—JOINT TORT-FEASORS.

Where plaintiff's intestate was killed by the train of one railroad company operating on a track which it leased from another, plaintiff had the legal right to join lessor and lessee as defendants as joint tort-feasors.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 802–816; Dec. Dig. ☛259.]

At Law.   Action by Mrs. G. E. Case, as administratrix, against the Atlanta & Charlotte Air Line Railway Company and the Southern Railway Company.   On motion to remand to the state court.   Cause remanded.

Gwynn & Hannon, of Spartanburg, S. C., for plaintiff.

Sanders & De Pass, of Spartanburg, S. C., for defendants.

JOHNSON, District Judge.   This is a motion to remand the above cause to the state court.   The following are the facts:

The plaintiff began her action in the court of common pleas for Spartanburg county against the defendant Atlanta & Charlotte Air Line Railway Company for damages on account of the death of her intestate.   It was alleged in the complaint:

"That the defendant, Atlanta & Charlotte Air Line Railway Company, is now, and was at the time hereinafter set forth, a corporation duly created and organized under the laws of the state of South Carolina, and at said time, and now, owns a railroad from Charlotte, N. C., running through the county of Gaston, N. C., and the town of East Kings Mountain in said county, and through the county of Spartanburg, S. C., to Atlanta, Ga., together with the tracks, cars, locomotives, passenger stations or depot station yards and all appurtenances thereto belonging, and operated a steam railway as a common carrier between the aforesaid cities of Charlotte, N. C., through the aforesaid counties of Gaston, N. C., and Spartanburg, S. C., and the incorporated town of East Kings Mountain and the city of Spartanburg, to Atlanta, Ga.; but prior to the 17th day of August, 1914, the defendant had leased under the authority of law its said line of railway to the Southern Railway Company, another railway corporation, and the said Southern Railway Company was on the 17th day of August, 1914, as now, operating the said line of railway from the said city of Charlotte through the incorporated town of East Kings Mountain, N. C., and Spartanburg, S. C., to the said city of Atlanta, Ga., as a common carrier of passenger and freight thereupon for hire."

The defendant answered the complaint.   Thereafter, by leave of the court, the plaintiff amended her complaint by making the Southern

Railway Company a party together with the Atlanta & Charlotte Air Line Railway Company. It is alleged in the amended complaint:

"That the defendant Atlanta & Charlotte Air Line Railway Company is now, and was at the time hereinafter set forth, a corporation duly created and organized under the laws of the state of South Carolina, and at said time, and now, owns a railroad from Charlotte, N. C., running through the county of Gaston, N. C., and the town of East Kings Mountain in said county, and through the county of Spartanburg, S. C., to Atlanta, Ga., together with the tracks, cars, locomotives, passenger stations or depot station yards, and all appurtenances thereto belonging, and operating a steam railway as a common carrier between the aforesaid counties of Gaston, N. C., and Spartanburg, S. C., and the incorporated town of East Kings Mountain, and the city of Spartanburg, to Atlanta, Ga.; but prior to the 17th day of August, 1914, the defendant had leased under the authority of law its said line of railway to the Southern Railway Company, another railway corporation, and the Southern Railway Company was on the 17th day of August, 1914, as now, operating the said line of railway from the said city of Charlotte through the incorporated town of East Kings Mountain, N. C., and Spartanburg, S. C., to the city of Atlanta, Ga., as a common carrier of passenger and freight thereupon for hire."

Then follow other allegations of the complaint as to the negligence of the defendants in causing the death of plaintiff's intestate.

Southern Railway Company filed its petition for removal of the cause to this court. The petition, after stating that the Southern Railway Company was one of the defendants, that the time to answer had not expired, that the amount in controversy exceeds, exclusive of interests and costs, the sum and value of $3,000, proceeds to allege:

"That the line of railway on which plaintiff's decedent was killed is not now, and never was, owned or operated by the party defendant to this suit, Atlanta & Charlotte Air Line Railway Company, a corporation duly created and organized under and by virtue of the laws of the state of South Carolina, which at the beginning of this suit was and still is a resident and citizen of the state of South Carolina, and that said line of railway was never leased by this said Atlanta & Charlotte Air Line Railway Company, incorporated by the laws of South Carolina, to your petitioner, Southern Railway Company; but that said line of railway was owned at the time of the death of plaintiff's decedent, and has been owned up to and including the present time, and is now owned, by the Atlanta & Charlotte Air Line Railway Company, a corporation duly created and organized under and by virtue of the laws of the state of North Carolina, which said corporation is not now, and never has been, a party to this action, and that said line of railway was operated at the time of the death of plaintiff's decedent, and has been operated since that time, and is now being operated, by your petitioner, Southern Railway Company, under a lease from said Atlanta & Charlotte Air Line Railway Company, a corporation duly created and organized under and by virtue of the laws of the state of North Carolina, and your petitioner, Southern Railway Company, owned and operated the engine and cars which killed plaintiff's decedent."

And further alleges:

"That a line of railway extending from Charlotte, in the state of North Carolina, to Atlanta, in the state of Georgia, which line of railway comprises the line of railway in North Carolina, involved in this action, was sold in Atlanta, Ga., on or about 1876 by John B. Fisher, R. A. Lancaster, Alfred Austell, Trustees, to Moses Taylor, Belden B. McAlpine, and others. That thereafter these said purchasers of said line of railway proceeded in 1877 to reorganize by the organization of separate corporations in each of the three states through which the lines ran, to wit: That in Georgia a certificate of

reorganization was executed under the style of Georgia Air Line Railway Company, 'for the purpose of owning, possessing, maintaining and operating that portion of said railroad which is situated in the state of Georgia,' which certificate was filed with the Secretary of State of Georgia; that in South Carolina a certificate of reorganization was executed under the style of South Carolina Air Line Railway Company, 'for the purpose of owning, possessing, maintaining and operating that portion of said railroad which is situated in the state of South Carolina,' which certificate was filed with the Secretary of State of South Carolina; .that in North Carolina a certificate of reorganization was executed under the style of North Carolina Air Line Railway Company, 'for the purpose of owning, maintaining and operating that part of said railroad which is situated within the state of North Carolina,' which certificate was recorded in the offices of the registers of Mecklenburg, Gaston, and Cleveland counties, N. C. That thereafter by agreement dated April 4, 1877, these three said corporations, Georgia Air Line Railway Company, South Carolina Air Line Railway Company, and North Carolina Air Line Railway Company, consolidated under the style of the Atlanta & Charlotte Air Line Railway Company; the agreement of consolidation reciting that each of the said party corporations was organized for the purpose of owning, possessing, maintaining, and operating that portion of said line of railway lying in the state of its incorporation, which said consolidation was authorized by the board of directors of each corporation and ratified by vote of the stockholders of each corporation. That said consolidation agreement was filed with the Secretaries of State of North Carolina, South Carolina, and Georgia. And that thereafter in 1877 Moses Taylor, Belden B. McAlpine, and the other owners of said line of railway from Atlanta, Ga., to Charlotte, N. C., conveyed it to the Atlanta & Charlotte Air Line Railway Company; said Moses Taylor, Belden B. McAlpine and others being the purchasers under decree of foreclosure of the Atlanta & Richmond Air Line Railway Company, which was the railroad extending from Atlanta, Ga., to Charlotte, N. C."

And further alleges:

"That it was and is an open and notorious fact that said line of railway in North Carolina is and was owned by the Atlanta & Charlotte Air Line Railway Company, a corporation of the state of North Carolina, and is not and never was owned by the Atlanta & Charlotte Air Line Railway Company, a corporation of the state of South Carolina; that said fact was and is shown in the public records of the state of South Carolina and could have been ascertained by the slightest of diligence. That the plaintiff was notified of said fact by the answer of Atlanta & Charlotte Air Line Railway Company, of South Carolina, denying that it owned said line of railway, which notice was given before the amendment to the action making your petitioner, Southern Railway Company, a party defendant; and that, in consequence thereof, the plaintiff ought to have known, if she did not know, that she had no cause of action against the Atlanta & Charlotte Air Line Railway Company, a corporation organized under the laws of the state of South Carolina; and your petitioner shows that said Atlanta & Charlotte Air Line Railway Company, a corporation of the state of South Carolina, was joined in the above action with your petitioner, Southern Railway Company, fraudulently and improperly for the purpose of preventing the removal of this action from the state to the federal court."

The other allegations of the petition are merely such as to bring it within the rules of court and are not material for the purposes of this decision.

On the hearing, certified copies of the charters of the North Carolina Air Line Railway Company, South Carolina Air Line Railway Company, and Georgia Air Line Railway Company were introduced in evidence. These companies were all formed in March, 1877. On April 4, 1877, the three railway companies, aforesaid, entered into an

agreement, wherein the incorporation of the aforesaid three railway companies was fully stated; and then follows this language:

"And whereas, the railroads of the said three railroad companies, parties to this agreement, are connected together and form a continuous line of railroad, extending from the said city of Atlanta in the state of Georgia, to the said city of Charlotte in the state of North Carolina, and each of the said railroad companies is desirous of consolidating its capital stock, property and franchises with the capital stock, property and franchises of the others of the said railroad companies, so as to form a single railroad corporation which shall embrace all of the capital stock, property and franchises, and have all of the rights, powers and privileges of the said three railroad companies respectively:

"Now, therefore, this agreement witnesseth, that the parties hereto in consideration of the premises, have mutually agreed, and do hereby mutually agree, that the said three railroad companies, parties to this agreement, shall and will consolidate their respective capital stocks, properties and franchises with the capital stocks, properties and franchises of the other and others of them, and that thus the said three railroad companies shall be consolidated into one corporation, which shall embrace all of their respective stocks, properties and franchises and have all of. their respective rights, powers and privileges, and that such consolidation shall take effect upon and shall continue from and after the sanction and adoption of this agreement by the stockholders of the said three railroad companies, as required by law, and shall so take effect and continue upon the terms and conditions hereinafter set forth.

"And for the purpose of effecting such consolidation and in consideration thereof, the said three railroad companies and their respective boards of directors do hereby agree each with the other, as follows, that is to say:

"Article 1. The name and style of the consolidated corporation hereby formed shall be 'The Atlanta & Charlotte Air Line Railway Company.'

"Article 2. All and singular the rights, franchises and property, possessed or enjoyed by, or belonging to each, respectively, and all of the said three railroad companies, parties to this agreement, shall be vested in and possessed and enjoyed by the consolidated corporation hereby created and shall be so vested in and possessed and enjoyed by, such consolidated corporation from and after the consummation of. this agreement by the sanction and adoption thereof as aforesaid. * * *

"Article 7. [After providing the amount of the capital stock of the said consolidated corporation, also provided:] Such stock shall be issued share for share to the holders of the capital stock of the said three railroad companies (who are the purchasers of the said railroad and other property of the said Atlanta & Richmond Air Line Railway Company and the organizers of the said three railroad companies) in lieu of the capital stock of the said three railroad companies respectively held by them and in part payment of the consideration money for the said railroad and other property."

The agreement also has numerous provisions for the issuing of bonds and execution of mortgage to secure the same, none of which provisions are necessary for the present consideration.

The record shows that the directors of each one of the said three railroad companies had a meeting called for the purpose of entering into the consolidation agreement, and that this agreement was duly submitted to meetings of the stockholders of each of the said three railway companies, after due advertisement had been given of the time and place of holding the same, and the stockholders of each one of said three railway companies unanimously agreed to said consolidation, and the same was filed with the Secretary of State of South Carolina, Secretary of State of North Carolina, and Secretary of State of Georgia.

225 F.—55

In a few days after the formation of this consolidated corporation, to wit, the Atlanta & Charlotte Air Line Railway Company, Moses Taylor, Belden B. McAlpine, and others, the purchasers at the foreclosure sale of the old Atlanta & Richmond Air Line Railway Company, a corporation extending° from Atlanta, Ga., to Charlotte, N. C., conveyed to the Atlanta & Charlotte Air Line Railway Company, a railroad corporation existing under the laws of the states of Georgia, South Carolina, and North Carolina, and created by the consolidation into one corporation of the Georgia Air Line Railway Company, the South Carolina Air Line Railway Company, and the North Carolina Air Line Railway Company, all and singular the entire railroad heretofore of the Atlanta & Richmond Air Line Railway Company, extending from the city of Atlanta in the state of Georgia to the city of Charlotte in the state of North Carolina.

The defendant Southern Railway Company, created by and under the laws of the state of Virginia, has leased and is now operating the Atlanta & Charlotte Air Line Railway Company, the formation and incorporation of which is hereinabove set out.

There are two methods of determining whether or not an action is removable. In most cases that question is determined from the complaint.

[1] The real question in this case is: Was the joinder of the defendant Atlanta & Charlotte Air Line Railway Company, a corporation created by and under the laws of South Carolina, fraudulently made in order to deprive the defendant Southern Railway Company, a citizen of the state of Virginia, of its right to remove the cause to this court? The burden of proving the fraud is upon the Southern Railway Company, which alleges it in its petition. It is insisted in the petition and in the argument that an examination of the record would have shown that the allegations of the complaint are false and that the plaintiff did not have any cause of action against the defendant Atlanta & Charlotte Air Line Railway Company, a corporation created by and under the laws of the state of South Carolina, but that her cause of action was against the Atlanta & Charlotte Air Line Railway Company, a corporation created by and under the laws of the state of North Carolina. The determination of this matter requires an examination and consideration of the citizenship of railroad corporations. One line of cases, such as Hollingsworth v. Southern Ry. Co., and St. L. & S. F. R. Co. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802, holds that a railroad corporation once formed remains a citizen of the state of its creation, and that subsequent incorporation for the purpose of domestication, and in order to comply with local statutes and requirements, do not affect the citizenship, but that they remain citizens of the state of their original incorporation. That line of decisions has no application to this cause. The line of decisions with which we are concerned grows out of the consolidation of railroad companies incorporated in different states. The statutes of the various states which authorize such consolidation may differ in a few minor particulars, but they are all substantially the same. All the decisions and text-writers agree that, where one corporation is formed by the

consolidation of two or more corporations, the consolidated corporation is a citizen of each state in which any one of the constituent companie₄ was a citizen. Upon this point there is marked unanimity.

Morawetz on Private Corporations, at sections 1000 and 1001:

"A consolidation of several corporations into one involves the formation of a new corporation out of the united shareholders of the old. Companies originally chartered by different states may be thus united into a single corporation, by virtue of legislation passed in each of the states. In such case the new company becomes invested with all the rights and duties of a corporation in each state, but the franchises of the company in each state are derived from the legislation of that state alone. A corporation formed by consolidation of several companies under the laws of different states must, while in either state, be treated as a citizen of that state alone in determining the jurisdiction of the Circuit Courts of the United States. And such company will generally be considered in each state as a corporation created or chartered by that state, within the purview of its legislative enactments."

Dillon on Removal of Causes, at section 104:

"If a corporation is chartered in several states, it cannot, when sued in one of them, claim that it is likewise a citizen of another, and therefore entitled to remove the cause to the federal court on the ground of citizenship in such other state. * * * When a corporation created by the laws of one state becomes consolidated with corporations of other states, and changes its name, and is sued by the new name in a court of the state of its creation by a corporation of the same state, another one of the consolidated corporations, created by another state, cannot go into the state court and have the cause removed. In effect the general rule seems to be that, when a consolidated company is formed by the union of several corporations chartered by different states, it is presumed to be a citizen of each of the states which granted a charter to any one of its constituent companies, and therefore, when sued in one of those states by a citizen thereof, it cannot claim the right of removal."

From the authorities, it seems clear that the Atlanta & Charlotte Air Line Railway Company, formed by the consolidation of railroads chartered under and by virtue of the laws of the states of North Carolina, South Carolina, and Georgia, when sued in the courts of any one of the said three states, must be deemed to be a citizen of that state. It cannot deny its creator.

The New York, New Haven & Hartford Railroad Company is a corporation formed by the consolidation of a number of railroads in New York, Connecticut, Rhode Island, and Massachusetts. Under the authorities, it is deemed to be a corporation in each of said states. One Smith brought his action in Massachusetts for personal injury which had occurred to him in Connecticut. The defendant corporation insisted that the court of Massachusetts had no jurisdiction. It was held that the corporation was a citizen of Massachusetts, and the plaintiff was allowed to recover for the injury sustained in Connecticut. Smith v. New York, N. H. & H. R. Co. (C. C.) 96 Fed. 504.

In the case of Goodwin v. N. Y., N. H. & H. R. Co. (C. C.) 124 Fed. 358, plaintiff, a citizen of Massachusetts, brought his action in the Circuit Court of the United States for the District of Massachusetts against the defendant, alleging that it was a corporation created and existing under the laws of Connecticut. It was a consolidated railroad made by the consolidation of roads in New York, Rhode Island, Connecticut, and Massachusetts, and under all of the authorities is

deemed to be a citizen of each state, and in any court within the state of Connecticut, either state or federal, it would be deemed to be a citizen of Connecticut. The Circuit Court of the United States for the District of Massachusetts held that it was without jurisdiction, as plaintiff was a citizen of Massachusetts, and the consolidated railroad, in the courts of Massachusetts, state or federal, must be deemed a citizen of Massachusetts also. This case is bottomed upon Whitton v. Wabash Ry., 80 U. S. 270, 20 L. Ed. 271. There a citizen of Illinois brought his action against the railway company in the state courts of Wisconsin. While the action was pending the Removal Act of March 2, 1867, was passed, amending Act of March 27, 1866. It applied to actions then pending. Plaintiff then petitioned for the removal of his cause to the Circuit Court of the United States. The defendant company resisted the removal on the ground that it was incorporated in Illinois, Wisconsin, and Michigan, but that its entire line lying in the three states was managed and controlled as a single corporation; that all its franchises were exercised and its affairs managed by one board of directors and officers; that its principal office and place of business was in Chicago, in the state of Illinois; and that there was no office for the management and control of the corporation in Wisconsin. The court held that within the state of Wisconsin it was a corporation and citizen of the said state of Wisconsin. The corporation was not permitted in the courts of Wisconsin to set up its Illinois citizenship. Nor would it have been permitted in the courts of Illinois to set up its Wisconsin citizenship.

In Horne v. Boston & Maine Railroad (C. C.) 18 Fed. 50, the plaintiff, a citizen of New Hampshire, brought his action in the courts of New Hampshire for injuries inflicted in Massachusetts, alleging that defendant was incorporated under the laws of New Hampshire. It was also incorporated in Massachusetts and Maine, numerous roads in the three states having been consolidated into one. The railroad company sought to remove it into the federal court. Judge Lowell in remanding the case to the state court, in delivering the opinion of the court, said:

"The fiction which makes two or three corporations out of what is, in fact, one, is established only for the purpose of giving each state its legitimate control over the charters which it grants, and that the acts and neglects of the corporation are done by it as a whole. It is immaterial, in considering the question of jurisdiction, that the damage complained of was suffered within the limits of Massachusetts, and that the judgment will bind the corporation in that state."

The invisible, intangible corporation, which in the courts of this state must be deemed to be a citizen of this state, is a very different thing from the tangible and visible railroad extending from Atlanta, Ga., to Charlotte, N. C. The invisible, intangible corporation owns and has leased all and every part of said railroad.

In the courts of the state of South Carolina, the Atlanta & Charlotte Air Line Railway Company is not only deemed to be a citizen of South Carolina, but it is likewise deemed to be the owner and lessor of all and every part of the railroad from Atlanta, Ga., to Charlotte,

N. C. Of course, as to any actions pending in the courts of North Carolina and Georgia, a like fiction obtains.

That the fiction that exists with respect to the corporation does not extend to the visible, tangible property, is shown by the case of Muller v. Dows, 94 U. S. 444, 24 L. Ed. 207. An action was brought in the Circuit Court of the United States for the District of Iowa to foreclose a mortgage executed by a consolidated interstate railway company which was incorporated both in the state of Iowa and in the state of Missouri, and the railroad property lay in both states. It was held that the decree of foreclosure in the Circuit Court of Iowa would and did sell the property as a whole. To divide the visible property of an interstate consolidated railroad by state lines according to the fiction that obtains as to citizenship would destroy the value of such property. The proper interpretation of the laws will bring about no such result.

[2] The plaintiff had the legal right to join the lessor and the lessee as joint tort-feasors, and we cannot inquire into her motive for so doing.

The cause is remanded to the court of common pleas for Spartanburg county, whence it came.