### PETERBOROUGH R. R. v. BOSTON & M. R. R.

(Circuit Court of Appeals, First Circuit. January 9, 1917.)

No. 1232.

1. EVIDENCE ☞22(1)—JUDICIAL NOTICE—CITIZENSHIP OF PARTIES.

In an action by a New Hampshire corporation against a railroad company incorporated in Massachusetts, the federal court will take judicial notice that defendant was also incorporated under Laws N. H. 1835, c. 14, and Laws 1841, c. 6, and doing business in such state, and was therefore a citizen thereof.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 26; Dec. Dig. ☞22(1).]

2. COURTS ☞314—FEDERAL COURTS—JURISDICTION—DIVERSITY OF CITIZENSHIP.

The federal District Court for New Hampshire is without jurisdiction on the ground of diversity of citizenship over an action by a New Hampshire corporation against a railroad company incorporated, not only in Massachusetts, but also in New Hampshire, for the court will regard the corporation intended as defendant as the one created and existing by the laws of New Hampshire.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. ☞314.]

3. COURTS ☞299—FEDERAL COURTS—JURISDICTION—SUIT ARISING UNDER LAWS OF UNITED STATES.

A suit by a railroad company, which leased its line, to compel the lessee company to issue passes pursuant to the lease agreement, is not one over which the federal courts have jurisdiction under Act Aug. 13, 1888, c. 866, 25 Stat. 433, as a suit arising under the Constitution and laws of the United States, because the lessee's probable defense, based on the inhibition against the issuance of passes found in the acts to regulate commerce (Act June 29, 1906, c. 3591, 34 Stat. 584, and Act June 18, 1910, c. 309, 36 Stat. 539), was anticipated and attacked on the ground that such defense was unavailing under the Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. ☞299.]

Appeal from the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Bill by the Peterborough Railroad against the Boston & Maine Rail-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

road. There was a decree for defendant, and complainant appeals. Reversed, and case remitted, with instructions to dismiss.

H. A. Cutter, of Nashua, N. H., for appellant.

Archibald R. Tisdale, of Boston, Mass., for appellee.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is a bill in equity for the specific performance of a contract. The suit was brought in the federal court for the District of New Hampshire. The plaintiff is alleged to be a New Hampshire corporation and a citizen of that state. The defendants are alleged to be Massachusetts corporations and citizens of that state. The contract in question is embodied in a lease given by the plaintiff corporation to the defendant, the Boston & Lowell Corporation, and by it assigned to the defendant, the Boston & Maine Railroad. By the lease the Peterborough Railroad leased its property and tracks situated in New Hampshire for and during the term of 93 years from and after the 1st day of April, 1893, to the Boston & Lowell, its successors and assigns. In it the Boston & Lowell covenanted, among other things, to "furnish the directors of the lessor, not exceeding five in number, and the treasurer and clerk of the lessor with free annual passes over the railroads operated by the lessee by the Boston & Maine Railroad, during the continuance of the lease." It is alleged in the bill that on the 18th day of May, 1894, the Boston & Lowell assigned the lease to the Boston & Maine, its successors and assigns, for and during a fixed term and subject to the performance by the Boston & Maine of all the obligations of the Boston & Lowell incurred under the lease, which were to be assumed by the Boston & Maine upon its acceptance of the assignment; that the Boston & Maine entered into possession of the leased property and assumed all the obligations incurred by the lessee under the lease; and that on the 1st day of January, 1913, the Boston & Maine failed to furnish the directors and officers of the Peterborough Railroad with free annual passes as agreed, and has ever since refused and now refuses to do so, claiming that it is prevented from so doing by virtue of an act of Congress to regulate commerce, found in chapter 3591, 34 Stat. at Large, and chapter 309, 36 Stat. at Large.

In the District Court it was ruled and found that the plaintiff by virtue of the lease became a nonoperating corporation; that it was not a common carrier within the meaning of the act; and that, although the act operated as an interdiction upon the defendants, it did not in this respect offend the Constitution of the United States; and dismissed the bill.

The case is now here on the plaintiff's appeal from the foregoing decree. The contention is that the court erred in construing the act of Congress as precluding the Boston & Maine Railroad from issuing passes, good for an interstate trip, to the officers of the plaintiff corporation in pursuance of the agreement which it assumed, and in holding the act constitutional if such was its proper construction.

[1, 2] We do not feel called upon to decide these questions, as we

are of the opinion that the District Court did not have jurisdiction of the cause.

While the Boston & Maine Railroad is alleged to be a citizen of Massachusetts, this court takes judicial notice of the fact that it is also a public corporation organized and existing under the laws of the state of New Hampshire, doing business in said state, and is therefore a citizen thereof. Laws N. H. 1835, c. 14, p. 223; Laws N. H. 1841, c. 6, p. 583; P. S, N. H. c. 157, §§ 1, 2, 3, and chapter 5, §§ 1, 2, 3, 6; Hall v. Brown, 58 N. H. 93, 95, 96; Western & A. Co. v. Roberson, 61 Fed. 592, 594, 9 C. C. A. 646; Case v. Kelly, 133 U. S. 27, 10 Sup. Ct. 216, 33 L. Ed. 513; Unity v. Burrage, 103 U. S. 447, 454, 455, 26 L. Ed. 405; Texas & Pacific Ry. Co. v. Cody, 166 U. S. 606, 610, 17 Sup. Ct. 703, 41 L. Ed. 1132. Such being the case, the question is whether the District Court had jurisdiction of the cause.

If its jurisdiction depended upon diversity of citizenship, and the Peterborough Railroad and the Boston & Maine Railroad are citizens of New Hampshire, the diversity requisite for federal jurisdiction would be wanting.

In Lake Shore & M. S. Ry. Co. v. Eder, 174 Fed. 944, 945, 98 C. C. A. 556, 557, it was held that:

"Whenever a corporation is sued in a state by whose laws it has been created and the question of its citizenship is involved, the court will regard the corporation intended as defendant as the one created and existing by the laws of that state."

In Boston & Maine R. R. v. Hurd, 108 Fed. 116, 118, 47 C. C. A. 615, 56 L. R. A. 193, which was an action brought in the federal court for the district of New Hampshire, it was held that the Boston & Maine Railroad was a citizen of New Hampshire by virtue of its incorporation there, and that the requisite diversity of citizenship existed, as the plaintiff, the administrator, was a citizen of Massachusetts.

In Railway Co. v. Whitton, 80 U. S. (13 Wall.) 270, 283, 20 L. Ed. 571, the action was brought in the United States Circuit Court for the Eastern District of Wisconsin, the plaintiff was a citizen of the state of Illinois, and the defendant was a corporation created under the laws of Wisconsin, and also under the laws of Illinois. It was held that, inasmuch as it was sued in the Circuit Court for the Eastern District of Wisconsin, it could "only be brought into court as a citizen of that state, whatever its status or citizenship may be elsewhere." See, also, Goodwin v. N. Y., N. H. & H. R. R. (C. C.) 124 Fed. 358, and cases there cited; Horne v. Boston & Maine Railroad, 62 N. H. 455.

[3] Neither was jurisdiction conferred upon the court below on the ground that the case was a "suit  *  *  *  arising under the Constitution or laws of the United States." 25 Stat. at Large, 433, 434.

"It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States. Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would

arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." Louisville & Nashville R. R. v. Mottley, 211 U. S. 149, 152, 29 Sup. Ct. 42, 43 (53 L. Ed. 126), and cases there cited.

For these reasons we think that the court below was without jurisdiction.

The decree of the District Court is reversed, and the case is remitted to that court, with instructions to dismiss the suit for want of jurisdiction.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes