## MURPHY et al. v. HUDSON & MANHATTAN R. CO.

### No. 2704.

District Court, E. D. New York.

June 20, 1942.

Herbert Kaufman, of New York City, for plaintiffs.

Duncan & Mount, of New York City, (J. Roger Carroll, of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

This is a motion to dismiss the complaint because of lack of the requisite diversity of citizenship upon which jurisdiction is based. Plaintiffs are citizens of the State of New York and were injured in New Jersey allegedly because of the negligence of defendant. Defendant is incorporated in New Jersey and is also voluntarily incorporated in New York.

In opposition to this motion, plaintiffs rely on Boston & M. R. R. v. Hurd, 1 Cir., 108 F. 116, 56 L.R.A. 193, and Muller v. Boston & M. R. R., D.C., 9 F.Supp. 802. Each of those cases presented instances of defendants with dual states of incorporation, but in each the plaintiff sued in a state other than the state of his or her own citizenship. The courts in those cases apparently grounded their finding of diversity on the presumption that the plaintiff in going to the foreign state to sue was to be deemed to sue the corporation incorporated in the foreign state. Here the plaintiff sues in the state of its own citizenship and the presumption entertained in the Hurd and Muller cases would lead to a conclusion of lack of diversity in the instant case.

Where the present facts with respect to citizenship of the parties have been presented, the court has declined jurisdiction. Goodwin v. New York, N. H. & H. R. Co., C.C., 124 F. 358; Peterborough R. R. v. Boston & M. R. R., 2 Cir., 239 F. 97. The only additional matter presented herein is the fact that the accident took place in the foreign state, namely New Jersey. In Patch v. Wabash R. Co., 207 U.S. 277, 28 S.Ct. 80, 52 L.Ed. 204, 12 Ann.Cas. 518, the court expressly left open the question of whether that circumstance would alter the situation.

After consideration it is difficult to see why the place of the accident should alter the situation. The cause of action is a transient one and, in any event, the issue is phrased in terms of citizenship, not place of the accident. In both Boston & M. R. R. v. Hurd, supra, and Boston & M. R. R. v. Breslin, 1 Cir., 80 F.2d 749, 103 A.L.R. 695, the place where the cause of action arose was apparently given little or no weight in determining the issue of diversity of citizenship.

The complaint is therefore dismissed because of lack of the requisite diversity of citizenship.