### GAVIN v. HUDSON & MANHATTAN R. CO.

### KNOBLOCK v. HUDSON & MANHATTAN R. CO.

### EMMA et al. v. HUDSON & MANHATTAN R. CO.

Nos. 10250, 10251, 10252.

United States Court of Appeals
Third Circuit.

Argued Oct. 13, 1950.

Filed Nov. 13, 1950.

John A. Laird, Newark, N. J. (David Roskein, Newark, N. J., on the brief), Attorney for appellants Wanda Knobloch and Mary and Frank Emma.

Charles W. Broadhurst, Jersey City, N. J. (Markley & Broadhurst, Edward A. Markley, Jersey City, N. J., on the brief), for defendant-appellee.

Before ALBERT LEE STEPHENS, GOODRICH and McLAUGHLIN, Circuit Judges.

GOODRICH, Circuit Judge.

■ This case raises the question of where a plaintiff may sue a two-state corporation. The plaintiffs in the respective appeals are citizens of New Jersey. They have sued the defendant in the federal court for the District of New Jersey alleging it to be a corporation of the state of New York. The defendant replies that it is incorporated in both New York and New Jersey[1] and has successfully asked for dismissal on the ground that there is no diversity of citizenship.

At the outset it is clear that we are necessarily dealing with a set of concepts which takes us far from realities.[2] The Hudson & Manhattan Railroad enterprise, no matter how many certificates of incorporation hang on the walls of its offices, is but one railroad with one set of operating employees. To call it a citizen of any state is unreal. People are citizens, not corporations, and the rights and duties that go with the concept of citizenship as applied to a human being are not applicable to corporations. But citizenship for the purpose of defining the place where suits may be brought in federal courts has been assigned to the corporation through some rather elaborate fictions[3] and we need not now consider whether some other way to answer the jurisdiction question could have been devised. We have been given a rule for litigation which, so far as it goes, is clear and practical. If we had a similar clear and practical rule with regard to the multiple incorporation situation there would be no occasion for this appeal. We shall note what the decided cases have to say presently. But first, let us consider the matter apart from authority.

Defendant says that these plaintiffs from New Jersey could sue the New York defendant corporation in New York or that a New Yorker could come over to New Jersey and sue the defendant as a New Jersey corporation.[4] But, says defendant, it cannot be sued in a federal court in New York by a New Yorker or in New Jersey by a New Jerseyite.[5] Such a rule if adopted may be an effective means of promoting additional passenger business for the Hudson & Manhattan, but we think it would be pretty hard to explain its reason to a layman. Such a consideration should make us think twice before accepting the result. If a legal rule fails to satisfy the untechnical requirements of ordinary common

1. In one of the cases defendant merely denied that it was a New York corporation. We may take judicial notice of the legislative action making a consolidated corporation from the three predecessor associations. See Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60, certiorari denied, 1936, 298 U.S. 682, 56 S.Ct. 952, 80 L. Ed. 1402; Peterborough R. R. v. Boston & M. R. R., 1 Cir., 1917, 239 F. 97.

2. After the observations contained in this paragraph were written an opinion of Judge Lowell expressing the same ideas was discovered. See Goodwin v. New York, N. H. & H. R. Co., C.C.D.Mass. 1903, 124 F. 358, 370. These points are sufficiently obvious however to prevent either court claiming credit for original discovery.

3. At the end of the section discussing the fictions on which diversity rules of federal jurisdiction over corporations have been built, Professor Bunn says: "This is one of the things that causes scientists and other literal-minded people to say that lawyers believe in magic. We may not admit that fully, but we shall indeed have to confess that there is nothing unlawyerlike in using fictions to accomplish a result." Bunn, Jurisdiction and Practice of the Courts of the United States § 3 (5th ed. 1949). Compare the development of rules concerning jurisdiction over suits for foreign torts in English courts. Goodrich, Conflict of Laws (3d ed. 1949) 270.

4. So held in Pennsylvania R. v. St. Louis, Alton & Terre Haute R. Co., 1886, 118 U.S. 290, 6 S.Ct. 1094, 30 L.Ed. 83; Muller v. Dows, 1876, 94 U.S. 444, 24 L. Ed. 207; Boston & M. R. R. v. Breslin, 1 Cir., 1935, 80 F.2d 749, certiorari denied, 1936, 297 U.S. 715, 56 S.Ct. 590, 80 L.Ed. 1000; Boston & M. R. R. v. Hurd, 1 Cir., 1901, 108 F. 116, certiorari denied, 1902, 184 U.S. 700, 22 S.Ct. 939, 46 L.Ed. 765; cf. Chicago & M. W. Railway Co. v. Whitton, 1871, 13 Wall. 270, 20 L.Ed. 571.

5. See note 11, infra.

sense the premises behind the rule had better be carefully examined.

What is needed here is a clear guide which will tell the parties where they may sue in federal court and where they may not. There are no political, economic, sociological or ethical considerations involved that we can see. The question is not unlike that of the rules of the road for traffic. It can travel on the right, or it can travel on the left, but a car driver must know which side he is to take. And so here. Can these plaintiffs get into federal court in New Jersey or not? The answer to this question does not settle the merits of their cases, and should not involve elaborate research by court or counsel as a preliminary to the settlement of the intrinsic right of plaintiffs to recover from defendant.

█ We think there are some facts which have been mentioned by courts in situations similar to this which should be disregarded as irrelevant. The first is the state in which the claim, whether for tort or breach of contract, arose. We think it does not matter in determining the place where the plaintiff may sue whether he was hurt by the defendant in New York or New Jersey.[6] It is perfectly obvious that there is only one operating group and its employees work just as fully for one corporation as the other. It is little short of absurd to say that the New York corporation commits the New York torts, if any, and the New Jersey corporation the torts in New Jersey, if any.

Nor do we think that the chronological order of incorporation matters.[7] In other words, we think the problem is the same whether the New York charter or the New Jersey charter came first. If, in fact, the corporation was chartered in two or more states we are faced with our problem and we fail to see how in any respect chronological order of chartering can make the slightest difference.

There is one situation, however, which is to be distinguished. There are a number of cases in which a corporation from one state has been compelled, in order to do business in another, to go through elaborate formalities there, with some language in the statutes that the effect of those formalities is to make the association a local corporation. In spite of such statutory language courts have sometimes said that it did not become a domestic corpora-

6. For cases in which the language might indicate that the place of injury is important see Patch v. Wabash R. Co., 1907, 207 U.S. 277, 283, 28 S.Ct. 80, 52 L.Ed. 204; St. Louis & San Francisco Ry. v. James, 1896, 161 U.S. 545, 560, 16 S.Ct. 621, 40 L.Ed. 802; Winn v. Wabash R. Co., C.C.W.D.Mo.1902, 118 F. 55, 65; Missouri Pac. Ry. v. Meeh, 8 Cir., 1895, 69 F. 753, 758–59. But courts which have been faced with the problem have held it immaterial. Southern Ry. v. Allison, 1903, 190 U.S. 326, 23 S.Ct. 713, 47 L.Ed. 1073; Boston & M. R. R. v. Breslin, 1 Cir., 1935, 80 F.2d 749, certiorari denied, 1936, 297 U.S. 715, 56 S.Ct. 590, 80 L.Ed. 1000; Boston & M. R. R. v. Hurd, 1 Cir., 1901, 108 F. 116, certiorari denied, 1902, 184 U.S. 700, 22 S.Ct. 939, 46 L.Ed. 765; Murphy v. Hudson & Manhattan R. Co., D.C.E. D.N.Y.1942, 45 F.Supp. 720; Case v. Atlanta & C. A. L. Ry., W.D.S.C. 1915, 225 F. 862.

7. Cf. Memphis & Charleston R. Co. v. Alabama, 1882, 107 U.S. 581, 2 S.Ct. 432, 27 L.Ed. 518; Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir., 1936, 81 F.2d 60, certiorari denied, 1936, 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402; Peterborough R. R. v. Boston & M. R. R., 1 Cir., 1917, 239 F. 97. But cf. Louisville, New Albany & Chicago Ry. v. Louisville Trust Co., 1899, 174 U.S. 552, 19 S.Ct. 872, 43 L.Ed. 1081; Walters v. Chicago, B. & Q. R. Co., C.C.D.Neb. 1900, 104 F. 377, affirmed per curiam, 1902, 186 U.S. 479, 22 S.Ct. 941, 46 L.Ed. 1266.

Nor do we think it important whether the combination is a merger or consolidation, but see Atlantic Coastline R. Co. v. Dunning, 4 Cir., 1908, 166 F. 850, 855, or whether the charter was issued to natural persons or to a corporate entity, but see St. Louis & San Francisco Ry. v. James, 1896, 161 U.S. 545, 565, 16 S.Ct. 621, 40 L.Ed. 802; Carolina & N. W. Ry. v. Town of Clover, W.D.S.C.1929, 34 F.2d 480, 487; Geoffroy v. New York, N. H. & H. R. Co., D.C.R.I.1926, 13 F.2d 947, affirmed 1 Cir., 1927, 16 F.2d 1017.

tion in the second state.[8] That problem is not now before us. It is enough to point out that if the corporation is not a corporation of the second state then we do not have the multiple incorporation problem which is presented in this case.

The effect of multiple incorporation is briefly treated in the Restatement of Conflict of Laws, Sections 203-207, inclusive. The Restatement expressly disclaims pronouncing on the question of removal of causes to federal courts. But the general rule with regard to associations incorporated in several states is that, "Suits by or against an association incorporated in two or more states may be brought by or against the association as a corporation of any of the incorporating states." Restatement, Conflict of Laws § 207.

We think this general rule can well apply to the question of suits in federal courts. Plaintiffs declared against this railroad as a New York corporation. It certainly is a New York corporation. Does the fact that it is also a New Jersey corporation defeat federal jurisdiction in a suit in New Jersey by a New Jersey citizen? If it does, then it would follow that if the corporation were incorporated in six states or ten states, as could well be the case with an interstate railroad, no

citizen of any one of those states could sue the corporation in federal court in his own state. He would have to cross the state line and bring suit there. We see no good reason for demanding a result which on its face seems to us so lacking in substance.

The Supreme Court authorities do not help us very much. If there were a Supreme Court decision directly on the subject of course we should follow it. We find language which tends to support the plaintiffs here.[9] But we can also find some which certainly can be argued to the contrary.[10] And it is interesting that there has been no Supreme Court consideration of the problem since 1912.

■ Our conclusion is that these New Jersey plaintiffs can sue this company in New Jersey as a New York corporation, and that the District Court in holding the contrary, was incorrect. We think the rule we are declaring is more consonant with the general rules governing these multistate corporations and we think it is better in practice because it does not require useless ritual in instituting a suit away from home. We admit, however, that a different view of the matter has been expressed by two Courts of Appeals in other circuits.[11]

8. The Missouri Pacific Ry. v. Castle, 1912, 224 U.S. 541, 32 S.Ct. 606, 56 L.Ed. 875; Martin's Adm'r v. B. & O. R. R. Co., 1894, 151 U.S. 673, 14 S.Ct. 533, 38 L.Ed. 311; Goodlett v. Louisville & Nashville R. R., 1887, 122 U.S. 391, 7 S.Ct. 1254, 30 L.Ed. 1230; Pennsylvania R. R. v. St. Louis, Alton & Terre Haute R. R., 1886, 118 U.S. 290, 6 S.Ct. 1094, 30 L. Ed. 83; Atlantic Coastline R. Co. v. Dunning, 4 Cir., 1908, 166 F. 850.

9. See Southern Ry. v. Allison, 1903, 190 U.S. 326, 338, 23 S.Ct. 713, 47 L.Ed. 1078; Nashua & Lowell Ry. v. Boston & Lowell Ry., 1890, 136 U.S. 356, 372, 375, 382, 10 S.Ct. 1004, 34 L.Ed. 363; Ohio & Miss. R. Co. v. Wheeler, 1861, 1 Black 286, 297, 17 L.Ed. 130.

10. See Patch v. Wabash R. Co., 1907, 207 U.S. 277, 283, 28 S.Ct. 80, 52 L.Ed. 204; Louisville, New Albany & Chicago Ry. v. Louisville Trust Co., 1899, 174 U.S. 552, 563, 19 S.Ct. 817, 43 L.Ed. 1081; Memphis & Charleston R. Co. v. State

of Alabama, 1882, 107 U.S. 581, 585, 2 S.Ct. 432, 27 L.Ed. 518; Muller v. Dows, 1876, 94 U.S. 444, 447, 24 L.Ed. 207; Chicago & N. W. Railway Co. v. Whitton, 1871, 13 Wall. 270, 283, 20 L. Ed. 571.

11. Peterborough R. R. v. Boston & M. R. R., 1 Cir., 1917, 239 F. 97; Geoffroy v. New York, N. H. & H. R. Co., 1 Cir., 1927, 16 F.2d 1017; Missouri Pac. Ry. v. Meeh, 8 Cir., 1895, 69 F. 753. The Fourth Circuit has also taken a contrary position where the two-state corporation was plaintiff. Town of Bethel v. Atlantic Coast Line R. Co., 4 Cir. 1936, 81 F.2d 60, certiorari denied, 1936, 298 U.S. 682, 56 S.Ct. 952, 80 L.Ed. 1402. Cf. Starke v. New York, Chicago & St. Louis R. Co., 7 Cir., 1950, 180 F.2d 569. See also, Lucas v. New York Cent. R. Co., D.C.S.D.N.Y.1950, 88 F.Supp. 536; Murphy v. Hudson & Manhattan R. Co., D.C.E.D.N.Y.1942, 45 F.Supp. 720.

The plaintiffs urge several other grounds for reversal in which we think there is no merit. We find no estoppel against the defendant.[12] Nor do we see any possibility of settling this case as a question of venue. We think it goes to the legal right of a plaintiff to get into a United States court in New Jersey. If that court has, under the law, no authority to entertain this lawsuit we think the only thing for a judge to do is to dismiss it. But here, as already indicated, we think the court did have authority to hear the plaintiffs' cases.

The judgments of the District Court will be reversed and the cases remanded for further proceedings not inconsistent with this opinion.

12. Defendant raised the point in his answers. Furthermore, lack of jurisdiction over the subject matter is not waivable.