**Vincent JACONSKI**

v.

**McCLOSKEY & COMPANY.**

**Civ. A. No. 25186.**

United States District Court
E. D. Pennsylvania.

Nov. 19, 1958.

Milford J. Meyer, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

LORD, District Judge.

The civil action for damages was commenced by plaintiff, Vincent Jaconski, against defendant, McCloskey & Company, in this Court by the filing of a Summons and Complaint on August 11, 1958. In his Complaint, plaintiff alleges that on April 2, 1958, while in the course of his employment by Westinghouse Electric Corporation, he was injured when struck by "a heavy metal extension nipple." He further alleges that the occurrence took place in Philadelphia, Pennsylvania, and that the object with which he was struck was in the exclusive possession and control of the defendant, McCloskey & Company (hereinafter referred to as "McCloskey").

McCloskey denies that this Court has jurisdiction to adjudicate this case on the ground that the requisite diversity of citizenship is lacking. In support of its position on such preliminary motion, defendant points out that:

1. Paragraph 1 of the Complaint alleges that plaintiff, Vincent Jaconski, is a citizen of the Commonwealth of Pennsylvania.

2. Paragraph 2 of the Complaint alleges that the defendant is a corporation organized and existing under the laws of the State of Delaware—which McCloskey admits.

3. Defendant avers, however, that it is also a citizen of the State of Pennsylvania, since its principal place of business is located at 1620 West Thompson Street, Philadelphia, Pennsylvania. It claims this status by virtue of the Act of Congress designated as Public Law 85–554 (72 Stat. 415, 28 U.S.C.A. § 1332, as amended July 25, 1958).

Plaintiff opposes the motion by saying that the 1958 amendment to the Judicial Code does not divest this Court of diversity jurisdiction. His argument is succinct and quotable:

"The amendment of 1958 merely provides that a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. The effect of the amendment can be no more extensive than if the defendant, originally incorporated in Delaware, had also incorporated in Pennsyl-

vania. We are, therefore, confronted with a problem which has vexed the Courts for many years—the question of diversity in suits by or against 'multistate corporations.' Despite the great volume of literature on the subject (cf. Moore's Federal Practice, Volume 1), this Court is not here required to study or pass upon this knotty question.

"The rule in the Third Circuit was laid down in Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, in which it was held that a New Jersey citizen could bring suit in the District Court of New Jersey against a defendant which was a multistate corporation, incorporated both in New Jersey and New York. Our Court of Appeals recognized that other Circuits disagreed with its conclusion, but adopted it nevertheless. It must be conceded that the Third Circuit view has been criticized in Seavey v. Boston & Maine R. Co., 1 Cir., 1952, 197 F.2d 485, but our Court of Appeals has never receded from its position."

The plaintiff's argument is based upon his premise that

"* * * The effect of the amendment can be no more extensive than if the defendant, originally incorporated in Delaware, had also incorporated in Pennsylvania."

This Court finds itself unable to accept that postulate, and is furthermore of opinion that the plaintiff's reading of the Gavin case is unwarrantedly broad.

The amendment (which may be seen in the August 5, 1958 issue of the 1958 U. S. Congressional and Administrative News at pages 2333–2334) in pertinent part is as follows:

"Public Law 85–554; 72 Stat. 415 [H.R. 11102]

"An Act amending the jurisdiction of district courts in civil actions with regard to the amount in controversy and diversity of citizenship.

"*    *    *    *    *

"Sec. 2. That section 1332 of Title 28 of the United States Code is amended to read as follows:

"'§ 1332. Diversity of citizenship; amount in controversy; costs

"'(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—

"'(1) citizens of different States;

*    *    *    *    *

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"

The language basically in question here is that last quoted, i. e.

"* * * a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

Since plaintiff asserts that the effect of the amendment is "no more extensive than if the defendant, originally incorporated in Delaware, had also incorporated in Pennsylvania," it is well to refer to its legislative history. 12 U.S. Code Cong. & Adm.News 1958, pages 2593 to 2630. Senate Report No. 1830 contains the following (Ibid. 2594):

"Statement

"In the years following World War II the judicial business of the United States district courts increased tremendously. Total civil cases filed are up 75 percent and the private civil business has more than doubled in the districts having exclusively Federal jurisdiction.

"Most of the increase has occurred in the diversity of citizenship cases, which have increased from 7,286 in 1941 to 20,524 in 1956. A large portion of this caseload involves corporations. Of the

20,524 diversity of citizenship cases filed in the district courts during fiscal 1956 corporations were parties in 12,732 cases, or 62 percent * * *.

" * * * However, the appointment of additional judges has not removed many of the basic factors in this problem of increased litigation. In a further effort to relieve the situation, the Judicial Conference of the United States in 1950 undertook to study the over-all problem of jurisdiction and venue, and as a result made the following recommendations which are incorporated in the present legislation:

"(1) That the historic jurisdiction based upon diversity of citizenship be retained in the Federal courts.

"(2) That section 1332 of the Revised Judicial Code be amended to provide that in cases based upon diversity of citizenship jurisdiction a corporation shall be deemed a citizen both of the State of its creation and the State in which it has its principal place of business.

*    *    *    *    *

"In adopting this legislation, the committee feels that it will bring the minimum amount in controversy up to a reasonable level by contemporary standards and that it will ease the workload of our Federal courts by reducing the number of cases involving corporations which come into Federal district courts on the fictional premise that a diversity of citizenship exists."

The Report proceeds to recognize that the fiction whereby a corporation is deemed a citizen of the State of its incorporation is impregnably entrenched. It furthermore adds that such concept has been pushed to the point where the purpose of diversity of citizenship legislation has been distorted and corrective amendment is required:—

" * * * [diversity jurisdiction] was never intended to extend to local corporations which, because of a legal fiction, are considered citizens of another State. It is a matter of common knowledge that such incorporations are primarily initiated to obtain some advantage taxwise in the State of incorporation or to obtain the benefits of the more liberal provisions of the foreign State's corporation laws. * * *

"*This [amendment] will eliminate those corporations doing a local business with a foreign charter* but will not eliminate those corporations which do business over a large number of States, such as the railroads, insurance companies, and other corporations whose businesses are not localized in one particular State. Even such a corporation, however, would be regarded as a citizen of that one of the States in which was located its principal place of business.

"The proposal to rest the test of jurisdiction upon the 'principal place of business' of a corporation has ample precedent in the decisions of our courts and in Federal statute such as the provisions of the Bankruptcy Act (11 U.S.C. 11). There is thus provided sufficient criteria to guide courts in future litigation under this bill." (Ibid. 2596. Emphasis supplied.)

There is an abundance of comment to the same effect in the legislative history materials which follow the quoted passage. It seems unnecessary to cumulate those supporting materials. Attention is next directed to the case upon which plaintiff bases his resistance to the motion, Gavin v. Hudson & Manhattan R. Co., 3 Cir., 1950, 185 F.2d 104, 105.

Plaintiffs there were private citizens of New Jersey. They sued in the federal court for the District of New Jersey, alleging defendant to be a corporation of the State of New York. The defendant showed the district court that it was incorporated in New Jersey as well as in New York, and the court granted its motion to dismiss. The Court of Appeals held the dismissal erroneous.

The opinion of the Court of Appeals began by deprecating the elaborate fictions which had grown up around the definition of the place where suit against a corporation may be brought in federal court. Further as to the law of diversity jurisdiction it commented that

"  *  *  * We have been given a rule for litigation which, so far as it goes, is clear and practical. If we had a similar clear and practical rule with regard to the multiple incorporation situation there would be no occasion for this appeal  *  *  * "

On the other hand, in referring to situations to be distinguished from the multiple incorporation problem, the Court said (185 F.2d 104, at pages 106–107, supra):

"There are a number of cases in which a corporation from one state has been compelled, in order to do business in another, to go through elaborate formalities there, with some language in the statutes that the effect of those formalities is to make the association a local corporation. In spite of such statutory language courts have sometimes said that it did not become a domestic corporation in the second state. *That problem is not now before us.* It is enough to point out that if the corporation is not a corporation of the second state then we do not have the *multiple incorporation problem which is presented in this case.*" (Emphasis supplied.)

The opinion next makes reference to the Restatement of Conflicts of Laws, §§ 203–207 on the effect of multiple incorporation—and thereafter, it seems, purports to resolve the recurrent and troublesome problem as to the effect of multiple incorporation, and attempts nothing more.

The matter, it said, was an utterly practical one—

"  *  *  * The question is not unlike that of the rules of the road for traffic. It can travel on the right, or it can travel on the left, but a car driver must know which side he is to take. And so here." Ibid., 185 F.2d 106.

Eight years after the Gavin case, Congress has spoken on the subject of diversity jurisdiction as to corporations. Its enactment, in pertinent part, first declares that a corporation is a citizen of the state in which it is incorporated. Thus a long-established legal fiction or concept is, so to speak, codified as a rule of the road. But the act further says that a corporation is a citizen of the State where it has its principal place of business, for the purpose of diversity jurisdiction, and to that extent a new rule of law is laid down.

In the light of plaintiff's present contentions, it is noteworthy that the amendment does not say that for the purposes of federal jurisdiction the corporation is deemed to be incorporated in the state of its principal place of business. It is simply declared to be a citizen. In one state it is called a citizen by virtue of incorporation. It is designated as a citizen in another state because the latter is its home for the purpose of doing business. It seems reasonable to conclude that two kinds of citizenship are contemplated instead of two places of incorporation.

The Gavin opinion, it will be recalled, expressly limited its scope. Squarely before it, the Court said, was the problem of incorporation in more than one state. Beyond its compass, it pointed out, were the separate questions of the corporations which acquire a second "citizenship" as the result of various states' prerequisites to doing business therein. In the same way, it seems, the present problem was not presented.

The rule of the Gavin case, therefore, is taken as having been intended to apply to no issue beyond that of multiple incorporation. Incidentally, and for the reasons heretofore given, the 1958 amendment to the Revised Judicial Code is not understood to have direct bearing upon the bare question of the effect of multiple incorporation in diversity litigation.

The plain words and the legislative history of the Amendment compel one to conclude that the present case is one of the very situations toward which the legislation is directed. Plaintiff does not deny defendant's representations that McCloskey & Company is a corporation engaged mainly in the construction of all types of buildings, highways, bridges and the like; nor that its principal place of business is in Philadelphia, Pennsylvania; nor that all business transactions are conducted through the Philadelphia office. Defendant McCloskey also maintains without contradiction that it has no office or place of business in Delaware other than that required by statute, namely, an agent for the service of process.

The net result is that the circumstance that McCloskey happens to be incorporated in Delaware does not permit a private citizen of Pennsylvania to bring his suit against such defendant in the federal instead of the state court, since McCloskey—like the plaintiff—is deemed a citizen of Pennsylvania.

It follows from the foregoing that the defendant's motion to dismiss for want of federal jurisdiction shall be Granted and It Is So Ordered.